Submitted July 8, motion denied August 4, appeal dismissed
November 4, 1959

## STATE OF OREGON *v.* MINER

342 P. 2d 773

Dale A. Rader, Portland, for the motion.

PER CURIAM.

The appellant has moved "pursuant to Rule 34" for an order granting the appellant "leave to make a part of the record on appeal a Bill of Exceptions supplemental to that previously filed in this Court * * *." The motion is supported by a stipulation signed by counsel for the respective parties, and by an affidavit of counsel for the appellant to the effect that the bill of exceptions is defective in that it did not "incorporate the transcript of the proceedings held in said Circuit Court as an exhibit * * *."

There have been sent to this court a short transcript, a judgment roll and a document entitled "Bill of Exceptions" attached to a "Transcript of Proceedings" consisting of testimony and other proceedings at the trial, and certified by the official court reporters. The bill of exceptions is not "settled and allowed" (ORS 19.100 (3)), but is "Approved as to Form" by the judge. A file mark on the bill of exceptions shows that it was filed in the office of the county clerk on July 13, 1959, and a file mark on the "Transcript of Proceedings" shows that it was filed in the same office on June 5, 1959.

The record discloses that a judgment of conviction of the crime of larceny was entered against the appellant on January 12, 1959; that on March 17, 1959, based on a motion filed by the appellant on that day, an order was entered granting the appellant until the 15th of June, 1959, "for the filing of the Bill of Exceptions together with the transcript of the testimony and of the proceedings" etc.; and that on June 15, 1959, based on a motion filed by the appellant on that day, a similar order was entered extending the time to July 15, 1959. No other extensions of time appear to have been granted.

ORS 19.100 (1) provides:

"A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within 60 days after the entry of the judgment, or within such further time as may be granted by order of the court if application is made during the said period of 60 days or within any extension that may be granted."

■ On the day that the first order extending the time was granted by the court, more than 60 days after the entry of the judgment had passed, and the court then had no authority to extend the time unless application therefor had been made "during the said period of 60 days." Thus, the appellant, so far from being entitled to a "supplemental" bill of exceptions, has no bill of exceptions to supplement, and it is now too late for him to obtain one. It goes without saying that if the circuit court has lost jurisdiction to settle a bill of exceptions the parties could not, by stipulation, confer such jurisdiction.

■ Rule 34 of the rules of this court, which authorizes the court to order supplementation of the record for the purpose of correcting error or defect in the transcript from the circuit court, would only be applicable if a bill of exceptions had been properly allowed and settled and certified, but for some reason had not been sent to this court. On the other hand, if the transcript of testimony on file here had been tendered to the circuit court as a part of a proposed bill of exceptions within the time allowed by the statute or within any properly granted extension thereof, but had not been certified by the circuit judge, this court could order the papers to be returned to the circuit court so that the bill of exceptions could be certified, as was done in *State v. Reyes,* 209 Or 595, 604-607, 303 P2d 519, 304

P2d 446, 308 P2d 182. Unfortunately for the appellant, however, neither of the suggested courses is open under the record before us. This court has no power to direct a circuit judge to settle a bill of exceptions which has not been tendered within the statutory time, even in a criminal case. In capital cases, a different procedure seems to be available under recent legislation. See ORS 138.810; *State v. Nunn,* 212 Or 546, 568, 321 P2d 356, 367.

The motion is denied.