Argued and submitted October 2, 1992, affirmed July 7, reconsideration denied September 15, petition for review denied October 26, 1993 (318 Or 26)

## STATE OF OREGON,
*Respondent,*

*v.*

## KENNETH WAYNE WOODARD,
*Appellant.*

(91-03-31314; CA A72110)

855 P2d 1139

Wayne Mackeson, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant was charged in a 26-count indictment with 15 counts of compelling prostitution, ORS 167.017, five counts of second degree sexual abuse, ORS 163.425, three counts of third degree sodomy, 163.385, and three counts of first degree sodomy. ORS 163.405. Pursuant to negotiations, defendant pleaded guilty to two counts of compelling prostitution and no contest to one count of first degree sodomy. The state dismissed the remaining charges and made no sentencing recommendation. Defendant appeals only his conviction for sodomy, a Class A felony.

Because defendant pleaded no contest, his right to appeal is limited to issues identified in ORS 138.050, which states, in pertinent part:

"(1)   A defendant who has pleaded guilty or no contest may only take an appeal from a judgment or order described in ORS 138.053 where the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

Defendant attempts to circumvent the limitations of the above statute by arguing that his conduct amounted to incest, a Class C felony, rather than first-degree sodomy, a Class A felony. He reasons that, accordingly, the trial court lacked jurisdiction to enter a conviction for sodomy and that his sentence for sodomy is reviewable as exceeding the maximum allowable by law. ORS 138.050(1)(a). We disagree. Defendant may not, on direct appeal, take issue with a conviction to which he agreed to plead no contest. His challenge is not reviewable. *State v. Peters*, 104 Or App 582, 584, 801 P2d 904 (1990); *see also State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993).

Affirmed.