Argued and submitted January 31, affirmed May 17, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS WEBER,
*Appellant.*

### (CR1-1832; CA A82239)
895 P2d 331

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David E. Leith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from a conviction and sentence for driving under the influence of intoxicants. ORS 813.010. He argues that the trial court erred by sentencing him for DUII as Class A misdemeanor rather than as an infraction. We affirm.

On August 15, 1991, defendant was arrested for DUII and was issued a uniform traffic citation and complaint charging him with that offense. However, in writing the citation, the arresting officer inadvertently checked the wrong box and, consequently, erroneously designated DUII as an infraction, instead of as a Class A misdemeanor.[1] On May 6, 1993, defendant pleaded guilty to DUII as charged in the citation in exchange for the dismissal of other charges,[2] and sentencing was deferred.

On September 2, 1993, at the sentencing hearing, defendant argued that, because he pleaded guilty to DUII charged as an infraction, the court could not impose a Class A misdemeanor sentence, as mandated by statute. ORS 813.010(4). The trial court was not persuaded by defendant's argument, but postponed its ruling and requested briefing from both parties. The state, in submitting its memorandum, also submitted an amended citation, which properly charged defendant with DUII as a Class A misdemeanor.[3]

After a hearing held on November 5, 1993, the court concluded that, regardless of the erroneous citation, it could not sentence the offense of DUII as an infraction:

---

[1] ORS 813.010(4) provides:

"The offense described in this section, driving while under the influence of intoxicants, is a Class A misdemeanor and is applicable upon any premises open to the public."

ORS 161.565(2) prevents the state from charging and prosecuting DUII as anything other than a Class A misdemeanor:

"Upon the date scheduled for the first appearance of the defendant upon any misdemeanor charge, *other than a misdemeanor created under ORS* 811.540 and *813.010*, the district attorney first shall declare on the record the intention whether or not to treat the offense in the case as a violation." (Emphasis supplied.)

[2] Defendant was also cited for failure to maintain a single lane of travel, invalid registration, illegal stopping, standing, or parking, and possession of less than one ounce of marijuana.

[3] On the amended citation, the "crime/other" box was checked instead of the "infraction" box.

"I'm just not persuaded that this is the type of case, though, that simply can even be charged as an infraction. The statute indicates that driving under the influence of intoxicants is, in fact, a Class A misdemeanor. The statutory scheme prevents the state from negotiating on the case. The statutory scheme prevents the state from electing to treat it as a violation.

"\* \* \* \* \*

"The bottom line is that, in my mind, driving under the influence of intoxicants, under the statutory scheme, simply cannot be charged as an infraction. And because of that, it's an error that's apparent on the face of the citation."

After making its ruling, the court accepted, without objection, the state's amended citation and sentenced defendant for DUII as a Class A misdemeanor. At no point did defendant either object to the amended citation or attempt to withdraw his guilty plea.

Defendant argues on appeal that the court erred by convicting and sentencing him for DUII as a Class A misdemeanor instead of as an infraction. Our review of defendant's sentence on his guilty plea is circumscribed by ORS 138.050(3):

"On appeal [from a judgment or order entered upon a plea of guilty or no contest], the appellate court shall only consider whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

Because subsection (a) is the only applicable provision, our inquiry reduces to whether defendant's sentence exceeded the maximum allowable by law.[4]

Defendant pleaded guilty to DUII, which, under ORS 813.010(4), is a Class A misdemeanor, and received a sentence that did not exceed those generally authorized for that offense. Nonetheless, defendant argues that, because he

---

[4] The state argues that, under *State v. Woodard*, 121 Or App 483, 855 P2d 1139, *rev den* 318 Or 26 (1993), we cannot review defendant's claim of error at all, because he is actually challenging the merits of his DUII conviction. We disagree. Unlike the defendant in *Woodard*, defendant is challenging not the propriety of his DUII conviction, but the propriety of his sentence based on the classification of his DUII conviction as a Class A misdemeanor.

pleaded guilty to DUII charged as an infraction, his Class A misdemeanor sentence exceeded the maximum allowable by law for an infraction.

Defendant's argument fails because it ignores his failure to object to the state's amendment of the citation, charging the DUII as a Class A misdemeanor. Because defendant failed to object to that amendment and failed even to attempt to withdraw his plea, once the amendment was allowed and before sentencing, defendant waived any argument that his sentence for a Class A misdemeanor exceeded the maximum allowable by law.

In so holding, we emphasize the narrow basis of our disposition. This was not a case in which the state amended its complaint before sentencing to enhance the charge after the defendant had pleaded guilty to a lesser, but correctly charged, offense. It was, instead, a situation in which the state amended its complaint merely to conform to the statutorily mandated classification of the charged offense.

Affirmed.