Argued and submitted June 28, 1995, affirmed April 17, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM A. BELZONS,
*Appellant.*

(DCR9411265; CA A85212)

915 P2d 428

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

In district court, defendant entered a plea of no contest and was convicted of menacing, a class A misdemeanor. ORS 163.190. He was placed on probation for two years. On the basis of our original opinion in *State v. Rudder*, 133 Or App 174, 889 P2d 1367, *adhered to on recon* 137 Or App 43, 903 P2d 393 (1995), *rev allowed State v. Rudder / Webb*, 322 Or 489, 909 P2d 161 (1996), he argues that the district court lacked jurisdiction to enter any judgment and that his conviction therefore must be reversed.

■ Because defendant pled no contest, he

"may only take an appeal from a judgment * * * where the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

ORS 138.050(1). Likewise, this court's review is limited to a consideration of whether the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. ORS 138.050(3). Because defendant on direct appeal may challenge only the "disposition," and not the conviction itself, we do not consider the portion of his appeal that attacks the propriety of his conviction. Accordingly, "our inquiry reduces to whether defendant's sentence exceeded the maximum allowable by law." *State v. Weber*, 134 Or App 390, 393, 895 P2d 331 (1995).

■ Defendant is correct that the district court lacked jurisdiction in this case, because the class A misdemeanor with which defendant was charged was committed in April 1994, after a statutory amendment removed class A misdemeanors from the jurisdictional authority of district courts and before the effective date of a subsequent statutory amendment that restored that authority. *Rudder*, 137 Or App at 46. However, defendant is not correct that the sentence imposed "exceeds the maximum allowable by law." ORS 138.050(1)(a). It is undisputed that his two-year probationary sentence was within the statutory limits for a class A misdemeanor, ORS 137.010(4) (probation); ORS 161.615

(imprisonment); ORS 161.635 (fines), and within the sentencing limits of the district court. ORS 46.040.

Defendant nonetheless argues that, because the district court lacked jurisdiction, *any* sentence imposed was in excess of that allowed by law. He did not raise that issue below, but contends that "subject-matter jurisdiction" may be raised at any time.

■ We agree that lack of subject matter jurisdiction may be raised at any time and that a party cannot waive a jurisdictional defect. *State v. Hopkins*, 227 Or 395, 397, 362 P2d 378 (1961); *State v. Neighbors*, 55 Or App 882, 640 P2d 643, *rev den* 293 Or 340 (1982). Accordingly, defendant's appeal is not impaired by the fact that he did not preserve this issue below.

■ However, defendant's appeal *is* impaired—and fatally so—by ORS 138.050(1) itself. The availability of direct appeal in a criminal case is "derived from and limited by statute," *State v. Peters*, 104 Or App 582, 801 P2d 904 (1990), and the legislature has chosen to significantly limit the availability of such appeals for defendants who plead guilty. Although defendant's assignment of error purports to challenge an "excessive sentence," the essence of his argument is that the conviction itself was improper (because it was entered by a court without jurisdiction) and that, *as a consequence*, the sentence was unjustified and erroneous. In other words, the sentence is allegedly excessive only because the conviction was of a type that, for whatever reason, should never have been entered. Review of that issue is not available under ORS 138.050(1).[1] *State v. Woodard*, 121 Or App 483, 485, 855 P2d 1139, *rev den* 318 Or 26 (1993).

Affirmed.

---

[1] In contrast, a genuine challenge to the propriety of a sentence *is* reviewable under ORS 138.050(1). *See State v. Anderson*, 113 Or App 416, 419, 833 P2d 321 (1991). In any event, defendant may not be without recourse. ORS 138.530(1)(b).