On respondent's motion to determine appellate jurisdiction filed February 2,
and on appellant's motion to dismiss respondent's motion to determine appellate
jurisdiction filed February 17, motion to determine jurisdiction allowed;
appeal may proceed June 9, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## LEE RUSSEL STUBBS,
*Appellant.*

## 20-00-11795; A120041

91 P3d 774

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

George L. Derr *contra*.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals from an amended judgment in a criminal proceeding, challenging the trial court's alteration of his sentence. The state filed a motion to determine whether this court has jurisdiction over the appeal. ORS 19.235(3); ORAP 2.34(2). For the reasons set forth below, we conclude that defendant's appeal may proceed.

Defendant pleaded guilty pursuant to a stipulated sentencing agreement to one count of criminally negligent homicide, one count of felony failure to perform the duties of a driver, and one count of tampering with physical evidence. In its original judgment, on the tampering conviction—a misdemeanor—the trial court imposed a two-month jail sentence. The court also imposed a 20-month prison term for the criminally negligent homicide and a consecutive 18-month prison term for the failure to perform the duties of a driver. The court orally indicated at sentencing that defendant would not receive credit for time served on either of the prison sentences, but that the two-month sentence for tampering with physical evidence was "considered served" based on defendant's pretrial incarceration. Thus, the court orally indicated that there would be a total incarceration period of 40 months.

The original judgment, however, recited that defendant's sentence for tampering with physical evidence would be "concurrent with the sentences imposed [on the other counts] with credit for time already served, considered served." Defendant then was transferred to the custody of the Department of Corrections, which determined, pursuant to ORS 137.320, that defendant was entitled to credit for time served on his prison term for his pretrial incarceration, effectively shortening the total incarceration term to 38 months.

The state then moved the trial court to correct the judgment pursuant to ORS 138.083(1) in order to reflect the court's intent that the prison terms be served consecutively to the misdemeanor sentence rather than concurrently. The trial court entered an amended judgment making that change, and defendant appeals from the amended judgment,

arguing that the court lacked authority to amend the judgment because all of his sentences had already been executed.

In this court, the state moved to determine appellate jurisdiction, contending that the court's amended judgment is neither appealable under ORS 138.050(1) nor reviewable under ORS 138.222, as interpreted by this court in *State v. Henderson*, 116 Or App 604, 843 P2d 459 (1992), *modified on other grounds on recons*, 124 Or App 426, 861 P2d 406 (1993). Defendant responds that this case is indistinguishable from *State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999), in which we held that a similar challenge to a sentence by a defendant who had pleaded guilty was properly before this court.

We requested supplemental briefing from the parties on whether *Henderson* or *DeCamp* was distinguishable from the present case, whether those cases were in conflict with one another, and, if so, which was correctly decided. The state, unsurprisingly, contends that *Henderson* is directly on point and that *DeCamp* is "of questionable authority." Defendant, on the other hand, maintains that *Henderson* is anomalous, and cannot be reconciled with the later-decided *DeCamp* opinion.

The primary statute with which we are concerned is ORS 138.050, which provides, in part:

"(1)   Except as otherwise provided in ORS 135.335 [not applicable in this case], a defendant who has pleaded guilty or no contest *may take an appeal* from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual.

"* * * * *

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

(Emphasis added.)

ORS 138.050(1) concerns whether judgments or orders entered after pleas of guilty or no contest are subject to "appeal." In contrast, ORS 138.222—the statute at issue in *Henderson*—limits issues that are "reviewable" on appeal. In *State v. Jackman*, 155 Or App 358, 362, 963 P2d 170, *rev den*, 328 Or 115 (1998), we explained that "[i]t is axiomatic that an appellate court lacks jurisdiction over an appeal from an order that is not appealable. On the other hand, although an appellant who appeals from an appealable order but raises an issue that is not reviewable certainly will not prevail on appeal, the reason is that the court may not consider the *issue* raised, not that the court lacks jurisdiction over the case." Thus, the initial question in the present case is whether ORS 138.050(1) is a statute that concerns appealability, or whether it simply provides a limitation on what this court may review.

■■ We first examine the text of the statute in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In examining the text in context, we consider rules of statutory construction that bear directly on the reading of the text in context. *Id.* at 611. Context includes related statutes, as well as prior versions of statutes. *See id.; State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996). If the meaning of a statute is not clear from the text and context, we turn to legislative history and, if necessary, to general maxims of statutory construction. *PGE*, 317 Or at 611-12.

The text of ORS 138.050(1) contains the phrase "may take an appeal" and directs that that may happen only when the defendant makes a colorable showing of certain limited types of error. That language suggests that the limitation is not on what the court may review on appeal, but on whether the appellant may actually appeal at all. The conclusion is bolstered by the context of subsection (3) of the statute. As noted above, while subsection (1) places a limit on whether an appellant may "take an appeal," subsection (3) places a substantively similar limitation on what the court can consider on appeal: "On appeal under subsection (1) of this section, the appellate court shall *consider* only whether the disposition" concerns the limited types of error set forth in the statute. (Emphasis added.) Were we to read subsection (1) as

pertaining merely to the scope of our appellate review, that would render subsection (3) entirely redundant.[1]

■      Context, however, also includes case law interpreting a statute. *Larsen v. Board of Parole*, 191 Or App 526, 534, 84 P3d 176 (2004). Our case law has not always drawn a distinction between appealability of judgments and reviewability of issues presented on appeal in the context of ORS 138.050(1). For example, in *State v. Peters*, 104 Or App 582, 584, 801 P2d 904 (1990), we affirmed a conviction on the ground that ORS 138.050(1) "limits our *review*" to certain issues. (Emphasis added.) If ORS 138.050(1) concerns appealability rather than reviewability, though, the proper disposition would have been to dismiss the appeal rather than affirm. Likewise, in *State v. Woodard*, 121 Or App 483, 485, 855 P2d 1139, *rev den*, 318 Or 26 (1993), we affirmed a conviction on the ground that, under ORS 138.050(1)(a), the defendant's challenge to a conviction was not "*reviewable* as exceeding the maximum allowable by law." (Emphasis added.) *See also State v. Belzons*, 140 Or App 198, 201, 915 P2d 428 (1996), *rev den*, 324 Or 513 (1997) (suggesting that "review" of a sentencing challenge was "not available under ORS 138.050(1)"). On the other hand, in *State v. Balukovic*, 153 Or App 253, 256, 956 P2d 250 (1998), we stated that "ORS 138.050 limits the scope of our *review*," but rather than affirming, we dismissed the appeal. (Emphasis added.)

We further observe that it is not only this court that has contributed to the confusion. In *State v. Clevenger*, 297 Or 234, 683 P2d 1360 (1984), the Supreme Court affirmed this court's dismissal of an appeal under an earlier version of ORS 138.050, framing the issue in terms of appealability. Thus, *Clevenger* supports the proposition that ORS

---

[1] It might be possible to argue that subsection (3) is redundant regardless of whether subsection (1) pertains to appealability or reviewability, because if an appeal is dismissed for lack of jurisdiction under subsection (1) because it raises issues that are not appealable under that subsection, the court would never need to utilize subsection (3)'s limitation on review. There is a situation, however, in which subsection (3)'s provisions would not be redundant: If an appellant appeals and raises at least one issue that is cognizable under subsection (1), thus avoiding dismissal under that subsection, subsection (3) would ensure that this court would not review *additional* issues raised by the appellant that did not concern claims that a sentence exceeds the maximum allowable by law or is unconstitutionally cruel and unusual.

138.050(1) pertains to "appealability." Shortly thereafter, however, in *State v. Loyer*, 303 Or 612, 616, 740 P2d 177 (1987), the court described a former version of ORS 138.050(1) in terms of whether it limited the "scope of review" of an appellate court. Despite the fact that it relied on *Clevenger* and the line of cases discussed therein, the court ultimately affirmed this court's affirmance of the conviction and sentence in *Loyer*, rather than dismissing the appeal as would have been the proper disposition for lack of appellate jurisdiction.[2]

In *DeCamp* and *State v. Sanchez*, 160 Or App 182, 981 P2d 361, *rev den*, 329 Or 318 (1999), the distinctions between appealability and reviewability were further obscured. In *DeCamp*, the defendant, who had pleaded guilty and no contest to various felonies, appealed, challenging the trial court's post-judgment order lengthening one of his sentences. 158 Or App at 240. The state asserted that the alleged error was "beyond our scope of review," relying on ORS 138.050. *Id.* We rejected the state's argument:

> "Upon a plea of guilty or no contest, ORS 138.050 limits appellate review to determining whether the sentence exceeds the maximum allowable by law or is cruel and unusual. The state, however, overlooks ORS 138.222(4)(a). That statute provides that in any appeal from a felony conviction, this court may review a claim that the court failed to comply with the requirements of law in imposing the sentence. Defendant's challenges are in that category and, therefore, are within the scope of what we may consider."

*Id.* Thus, *DeCamp* treated both ORS 138.050 and ORS 138.222 as statutes pertaining to "reviewability," and concluded that something that is not reviewable under ORS 138.050 may nonetheless be reviewable under ORS 138.222(4)(a). That conclusion certainly is justifiable if the court was referring to ORS 138.050(3), which, as noted above, limits what this court may review. It does not follow, though, that the reasoning applies to ORS 138.050(1).

---

[2] We do not consider any of these cases controlling of the question presented here, however, because none of them squarely addressed the distinction between appealability and reviewability, or discussed when the proper remedy would be dismissal of the appeal.

*Sanchez* took a somewhat similar approach. In *Sanchez*, the defendant pleaded no contest and sought on appeal to challenge both his conviction and his sentence on the ground that there were irregularities concerning the appointment of his language interpreter. 160 Or App at 184. We stated:

> "In this case, defendant pleaded no contest. Under ORS 138.050, therefore, his conviction is not reviewable. To the extent that defendant challenges only the sentence, his claim of error still is unreviewable. The crime occurred after November 1, 1989. Our review of his appeal, therefore, is limited to the matters listed in ORS 138.222. Defendant appears to contend that the trial court's error is that it 'failed to comply with requirements of law,' as described in ORS 138.222(4)(a). Not just any failure to comply with the law is reviewable on direct appeal, however. The statute refers to a failure to comply with the law 'in imposing or failing to impose a sentence.' The question, then, is whether failing to comply with the law 'in imposing or failing to impose a sentence' includes failing to certify an interpreter. We conclude that it does not."

*Id.* at 185-86. Thus, in *Sanchez*, we took the approach that ORS 138.050 precluded review of the defendant's conviction, but that review of his sentence was governed by ORS 138.222.[3]

In sum, on the first level of *PGE* analysis, the text strongly suggests that ORS 138.050(1) concerns "appealability," and that appeals that do not fit within its limitations should be dismissed for lack of jurisdiction. The statutory context provided by ORS 138.050(3) confirms that reading. The case law, which is also a part of the context, is somewhat inconsistent. Most notably, we have, on a number of occasions, cited ORS 138.050(1) for the proposition that something is unreviewable, and have consequently affirmed rather than dismissed the appeal.

---

[3] As in *DeCamp*, *Sanchez* might be read as treating limitations on review found in ORS 138.050(3) and ORS 138.222 similarly. However, unlike *DeCamp*, *Sanchez* actually refers to ORS 138.050(1) and does not mention ORS 138.050(3).

As noted above, context also includes prior versions of a statute. The parties do not dispute—and we agree—that the substantive standard set forth in ORS 138.050 has not changed since the above-cited cases were decided. There has been a significant change in the statute, however, that provides some insight into why the cases drew no distinction between appealability and reviewability, or between subsections (1) and (3). In 2001, the legislature added the requirement to ORS 138.050(1) that a defendant who had pleaded guilty or no contest must make "a colorable showing" that the disposition exceeded the maximum allowable by law or was unconstitutionally cruel and unusual. Or Laws 2001, ch 644, § 1. Before that statutory change, the statute provided no mechanism for making a preliminary determination of whether a judgment was appealable under ORS 138.050(1). Rather, the question would simply arise in the course of reviewing the briefs after a case had been submitted to the court. Under those circumstances, it is understandable how we came to treat issues arising under ORS 138.050(1) as pertaining to reviewability.

The 2001 amendment to the statute, however, indicates that the legislature envisions a two-step process: First, a defendant who has pleaded guilty or no contest must make a "colorable showing" under ORS 138.050(1); if the defendant does so successfully, then the court has jurisdiction over the appeal (subject, of course, to any statutory limitations on reviewability of particular issues). For example, in a case in which the defendant who has pleaded guilty wishes to raise a single issue, and that issue concerns something other than whether the sentence exceeds the maximum allowable by law or is unconstitutionally cruel and unusual, the court will dispose of the appeal at the first step: The appeal will be dismissed because the defendant cannot make the "colorable showing" required by ORS 138.050(1). If, on the other hand, the defendant makes a "colorable showing" that a sentence is unconstitutionally cruel and unusual, the appeal will not be dismissed. It may be, however, that there remains a reviewability problem because, for example, the defendant is raising an issue such as the length of a guidelines presumptive sentence that is unreviewable under ORS 138.222.

There is further contextual support for the conclusion that ORS 138.050 contains limitations on both appealability and reviewability. ORS 138.053(1) provides that various orders are "subject to the *appeal provisions and limitations on review* under ORS 138.040 and ORS 138.050[.]" (Emphasis added.) Both ORS 138.040 and ORS 138.050 contain provisions discussing when "the defendant may appeal," ORS 138.040, and when "a defendant who has pleaded guilty or no contest may take an appeal," ORS 138.050(1). Both also contain explicit limitations on review. *See* ORS 138.040(1) (listing what the "appellate court may review"); ORS 138.050(3) (indicating that "the appellate court shall consider only" certain issues).

■   In sum, ORS 138.050 contains provisions limiting both appealability and reviewability. ORS 138.050(1), as amended in 2001, pertains to appealability rather than reviewability, and embodies a jurisdictional limitation on appeal. We therefore conclude that the proper disposition of an appeal in which the appellant fails to make the "colorable showing" required by ORS 138.050(1) is dismissal.[4]

The question, then, is whether defendant has made the necessary "colorable showing" in the present case. The state maintains that "[i]t is well-established that that limitation [in ORS 138.050(1)(a) concerning the 'maximum allowable by law'] precludes a defendant from litigating on appeal any claim that is not a direct challenge solely to the lawfulness of the *length* of the sentence imposed." (Emphasis in

---

[4] We reach that conclusion based on the text and context of the statute, as described above. We note, however, that the legislative history of the 2001 amendments provides at least some indirect support for our conclusion. For example, during the house floor debate of the bill, one legislator referred to dismissal in cases where no colorable showing was made. Tape Recording, House Floor Debate, HB 2351, Mar 5, 2001, Tape 35, Side A (statement of Representative Ackerman). Also, in a statement in support of the bill, the appellate courts' legal counsel, James Nass, indicated that the purpose of the bill was to reduce the number of nonmeritorious appeals that proceeded to full briefing in the appellate courts. Testimony, House Judiciary Committee, Subcommittee on Criminal Law, HB 2351, Feb 8, 2001 (statement of James Nass). While nothing in the legislative history supports a conclusion that the legislature had in mind the nuanced differences between reviewability and appealability, those statements do reinforce our conclusion that the legislature intended a two-step process that could result in dismissal of the appeals of appellants who could not make the requisite "colorable showing."

original.) The cases on which the state relies for that proposition, however, are not so broad as the state posits. In *Clevenger*, for example, the court concluded that a defendant who had pleaded no contest to a charge of second-degree assault could not challenge on appeal the trial court's refusal to let him withdraw his plea due to newly discovered evidence about the extent of the victim's injury. 297 Or at 236-38. In that case, the purported error concerned the conviction itself, not the sentence. Similarly, in *Woodard*, on which the state also relies, the defendant who had pleaded guilty attempted to assert on appeal that the crime to which he had pleaded guilty should, in fact, have been considered the Class C felony of incest rather than the Class A felony of first-degree sodomy. We rejected the defendant's challenge, noting that, given the strictures of ORS 138.050(1), he could not "take issue with a conviction to which he agreed to plead no contest." 121 Or App at 485. *See also State v. Cruz*, 159 Or App 610, 979 P2d 311 (1999) (reaching same conclusion on similar facts).

Contrary to the state's assertion, we have, in fact, explicitly rejected the notion that the "exceeds the maximum allowable by law" phrase in ORS 138.050 relates only to the lawfulness of the length of a sentence.[5] In *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992), for example, the defendant pleaded guilty to a crime and was required to pay restitution. The state maintained that his challenge on appeal to the restitution order was not cognizable under ORS 138.050, because the defendant's sentence did not exceed the maximum allowable by law. We rejected that argument:

"[T]he fundamental question is: What is a disposition that 'exceeds the maximum allowable by law?' In *State v. Bateman*, 95 Or App 456, 463, 771 P2d 314, *rev den* 308 Or 197 (1989), we construed ORS 138.050 as it then read and held that a 'sentence' that exceeds the maximum allowable by law is one in which 'the period of incarceration imposed

---

[5] The state also relies on *State v. Balukovic*, 153 Or App 253, 956 P2d 250 (1997). There, we held that an order revoking a deferred sentencing program did not embody a "disposition" as defined in ORS 138.053(1). We stated that, if the defendant were correct, ORS 138.050 and ORS 138.053 "would permit review of the underlying proceedings before any judgment of conviction occurs." That case has no bearing on the issue presented here, where it is undisputed that the amended sentence is, in fact, cognizable as a "disposition" for purposes of ORS 138.053.

is more than the period specified in the relevant statute.' Under *Bateman*, a sentence exceeded the maximum allowable by law only if it exceeded the statutory term of imprisonment, but not if the sentence was unauthorized because it was imposed in violation of other statutory requirements. *See also State v. Blaney*, 101 Or App 273, 790 P2d 549 (1990).

"However, because the present version of ORS 138.050 limits review of 'dispositions'—including those which grant or revoke probation—and does not use the term 'sentence,' we conclude that *Bateman's* interpretation of what 'exceeds the maximum allowable by law' means is not now consistent with the amended statute. *Bateman's* reference to an excessive 'period of incarceration' does not apply to dispositions imposing or revoking probation. We conclude that, given the statutory changes regarding the appeal and review of dispositions after guilty pleas, a disposition is legally defective and, therefore, exceeds the maximum allowable by law if it is not imposed consistently with the statutory requirements."

*Anderson*, 113 Or App at 418-19.

In *State v. Summerlin*, 139 Or App 579, 581, 913 P2d 340 (1996), the defendant pleaded guilty to numerous felonies, then argued on appeal that the trial court erred in failing to merge certain of the convictions. We rejected the state's argument that merger does not concern whether a "disposition" is one that "exceeds the maximum allowable by law." *Id.* at 582. We concluded that "*a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements.*" *Id.* (emphasis added). We went on to suggest that the requirements of ORS 138.050 and ORS 138.222(4)(a) were, in some respects, analogous, and that a "trial court's merger decision is *directly* relevant to whether it complied with the requirements of law in failing to impose a sentence under ORS 138.222(4)(a), as well as to whether a defendant's disposition 'exceeds the maximum allowable by law' under ORS 138.050(1)." *Id.* at 583.

■■ To summarize, our case law indicates that, to be appealable after a plea of guilty or no contest under ORS 138.050(1), a "disposition" (within the meaning of that term as defined in ORS 138.053) must either be unconstitutionally

cruel and unusual, or exceed the maximum allowable by law because it is not "imposed consistently with statutory requirements." *Id.* at 582. Defendant's challenge in the present case concerns a "disposition," which by definition includes "[i]mposition of a sentence." ORS 138.053(1)(a). The gravamen of defendant's argument on appeal is that the amended sentence imposed in this case was not imposed consistently with statutory requirements, because the trial court lacked authority to modify a sentence that had already been "executed," in light of ORS 137.010(6) (certain sentencing options remain open only "until the person is delivered to the custody of the Department of Corrections"). At this point, we express no opinion as to whether defendant is *correct* in asserting that his amended sentence was imposed in a manner inconsistent with that statute; the only issue before us is whether defendant's argument is one that is cognizable as pertaining to a "disposition" that "[e]xceeds the maximum allowable by law." ORS 138.050(1)(a). We conclude that it is.[6]

Defendant's appeal may proceed pursuant to ORS 138.050(1)(a).

Motion to determine jurisdiction allowed; appeal may proceed.

---

[6] We recognize that, despite our questions to the parties, neither *Henderson* nor *DeCamp* is dispositive of the issue before us. Moreover, we emphasize that this opinion does not address "reviewability," which was at issue in *Henderson* and *DeCamp*. We recognize that *Henderson* may not be reconcilable with later decisions concerning reviewability. *See DeCamp*, 158 Or App at 240-41 (in appeal after guilty plea, question concerning whether court had authority to modify sentence was reviewable under ORS 138.222(4)(a)); *State v. Stokes*, 133 Or App 355, 891 P2d 13 (1995) (in appeal after no-contest plea, question concerning whether consecutive sentences were properly imposed was reviewable under ORS 138.222(4)(a)); *see also State v. Lavitsky*, 171 Or App 506, 520-21, 17 P3d 495 (2000), *rev den*, 332 Or 430 (2001) (De Muniz, J., concurring) (suggesting that *Henderson* is irreconcilable with later case law and should be overruled). This case, however, presents no opportunity for reevaluation of *Henderson*, because the narrow question before us on the state's motion to determine appellate jurisdiction concerns appealability under ORS 138.050(1), not reviewability under ORS 138.222.