Argued and submitted September 30, 2004, appeal dismissed January 26, petition for review denied May 24, 2005 (338 Or 583)

## STATE OF OREGON,
*Respondent,*

*v.*

## FAYETTE LAMAE ANDERSON,
*Appellant.*

## 02-4169-DFE; A121088

104 P3d 1175

Louis R. Miles, Deputy Public Defender, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Defendant appeals from a judgment sentencing her to 70 months of imprisonment after she pleaded guilty to second-degree robbery, a so-called "Measure 11" crime, that is, one that carries a statutory minimum sentence under ORS 137.700. She assigns error to the trial court's ruling that as a matter of law she did not qualify for a lesser sentence under ORS 137.712(2)(d), which provides a discretionary exception to the Measure 11 sentence for second-degree robbery and permits the court to impose a shorter sentence calculated under the sentencing guidelines. We conclude that we do not have jurisdiction to consider this appeal. We therefore dismiss it without reaching the merits.

The facts are not in dispute. Defendant, along with three codefendants, went to a residence where they believed they would find large amounts of drugs and money. Two women and one of the women's two small children, an infant and a five-year-old, were home at the time. One codefendant, Barnett, entered the house first. She carried a gun. Defendant, who was unarmed, entered the house after Barnett. While Barnett walked through the house holding one of the women at gunpoint and searching for the drugs and money, defendant waited in the living room with the other occupants. No drugs were found, but defendant and her codefendants took a purse and some money. Defendant subsequently pleaded guilty to second-degree robbery based on an aiding and abetting theory, ORS 161.155(2)(b).

That crime is a Measure 11 offense with a mandatory minimum sentence of 70 months. ORS 137.700(2)(a)(R). However, ORS 137.712 provides an exception to the minimum sentence for certain crimes, including robbery in the second degree. ORS 137.712(1)(a). Under that statute, if certain criteria are met, the sentencing court, in its discretion, may depart from the mandatory minimum sentences required by ORS 137.700 and impose a lesser sentence. To do so, the court must first find, on the record and by a preponderance of the evidence, that the requirements of subsection (2) are met. For second-degree robbery, those requirements are:

"(A)   That the victim did not suffer a significant physical injury;

"(B)   That, if the defendant represented by words or conduct that the defendant was armed with a dangerous weapon, the representation did not reasonably put the victim in fear of imminent significant physical injury;

"(C)   That, if the defendant represented by words or conduct that the defendant was armed with a deadly weapon, the representation did not reasonably put the victim in fear of imminent physical injury; and

"(D)   That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."

ORS 137.712(2)(d). If the court makes these findings, it may impose a sentence less stringent than the one required by Measure 11 if it finds "substantial and compelling reason" to do so. ORS 137.712(1)(a).

In this case, the court found that defendant did not qualify for such treatment as a matter of law because she did not meet the criterion in ORS 137.712(2)(d)(C), which makes a defendant ineligible for a guidelines sentence "if the defendant represented by words or conduct that [she] was armed with a deadly weapon * * *." The trial court agreed with the prosecutor that, although defendant herself was unarmed, she was "criminally liable" for the conduct of Barnett, her codefendant, under an aiding and abetting theory. ORS 161.155(2)(b). On appeal, defendant renews the argument that she made below: for purposes of ORS 137.712(2)(d), an offender-specific aspect of a crime, as opposed to an offense-specific one, cannot be imputed to a defendant.

We do not reach the merits of defendant's argument, however, because, under ORS 138.050(1), the trial court's sentence is not appealable. That statute provides that, with certain exceptions not relevant to this case,

"[A] defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

According to the state, we must dismiss defendant's appeal because it is not based on an argument that her sentence exceeds the legal maximum or that it is unconstitutional. Defendant, for her part, relies on ORS 138.222(4)(a), which provides that we may review a claim that "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence."

We agree with the state. The analysis of appealability under ORS 138.050(1) and reviewability under ORS 138.222(4) involves a two-step process. *State v. Stubbs*, 193 Or App 595, 603, 91 P3d 774 (2004), *rev den*, 337 Or 669 (2005). "First, a defendant who has pleaded guilty or no contest must make a 'colorable showing' under ORS 138.050(1); if the defendant does so successfully, then the court has jurisdiction over the appeal * * *." *Id.* Meeting the criteria of ORS 131.050(1), in other words, establishes appealability, which is another way of saying that it gives us jurisdiction over the case. However, even if a defendant can overcome this first hurdle, we may be unable to *review* a particular *issue* raised on appeal unless a defendant meets the criteria in reviewability statutes such as ORS 138.050(3) and ORS 138.222. *Id.* In this case, defendant has not made a colorable showing under ORS 138.050(1). As a result, her claim is not reviewable on appeal.

A brief discussion of the relevant statutes and case law helps explain this outcome. In 1989, the legislature revised ORS 138.050 and replaced the word "sentence" in the old version with the word "disposition." Cases decided under the pre-1989 version of the statute strictly limited the phrase "exceeds the maximum allowable by law" to the *length* of the sentence, allowing for appeal of a sentence after a plea of guilty or no contest only when the sentence actually was longer than the maximum allowable by law. *E.g., State v. Bateman*, 95 Or App 456, 463, 771 P2d 314, *rev den*, 308 Or 197 (1989). However, the change to the word "disposition" rendered illogical, in many situations, the phrase "exceeds the maximum allowable by law" because a disposition includes, in addition to a sentence, penalties that have no size component whatsoever, such as the imposition or modification of a condition of probation. *See* ORS 138.053(1)(d) (so defining "disposition").

*State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992), illustrates this point. In that case, the defendant pleaded guilty to driving under the influence of intoxicants and the court ordered him to pay an amount in restitution as a condition of probation. That order is a disposition under ORS 138.053(1)(d). *Id.* at 418. The defendant appealed. The state argued that, under ORS 138.050, the appeal was not cognizable because the sentence did not exceed the maximum allowed by law and was not unconstitutionally cruel or unusual. We rejected the state's argument, reasoning that, "given the statutory changes [in 1989] regarding the appeal and review of dispositions after guilty pleas, a disposition is legally defective and, therefore, exceeds the maximum allowable by law *if it is not imposed consistently with the statutory requirements.*" *Id.* at 419 (emphasis added). The change in the statute required a more expansive reading of the phrase "exceeds the maximum allowable by law" because any challenge to a disposition that was not a sentence defective in its length would be dismissed, thereby rendering the statutory amendment meaningless.

Four years later, in *State v. Summerlin*, 139 Or App 579, 913 P2d 340 (1996), we revisited the expanded interpretation of the phrase "exceeds the maximum allowable by law" developed in *Anderson* and applied it to significantly different facts. Unlike *Anderson,* where discussion of length made no sense, the disposition in *Summerlin* contained a length component. The defendant pleaded guilty to six charges stemming from a single incident and assigned error to the court's failure to merge certain of the convictions. The state argued that the defendant could not appeal the merger issue because that issue did not directly concern the length of the sentence. We rejected that argument, reasoning that the error alleged in the case could ultimately result in a sentence that exceeded the legal maximum. Specifically, we noted that "[a] trial court's merger decision is *directly* relevant to whether * * * a defendant's disposition 'exceeds the maximum allowable by law' under ORS 138.050(1)." *Id.* at 583 (emphasis in original).

Recently, in *Stubbs*, we again focused on the expanded interpretation of "exceeds the maximum allowable

by law." The situation was similar to *Summerlin,* in which a potential misapplication of the statutory requirements could result in a sentence that was longer than the maximum allowable by law. In *Stubbs,* the defendant appealed from an amended judgment that made some concurrent sentences consecutive. 193 Or App at 597-98. The state argued that ORS 138.050(1) precluded the appeal because "[i]t is well-established that that limitation [in ORS 138.050(1)(a) concerning the 'maximum allowable by law'] precludes a defendant from litigating on appeal any claim that is not a direct challenge solely to the lawfulness of the *length* of the sentence imposed." *Id.* at 604 (emphasis in original). We rejected the state's argument and determined that we did have jurisdiction to consider the appeal. *Id.* at 607. We held that,

> "to be appealable after a plea of guilty or no contest under ORS 138.050(1), a 'disposition' (within the meaning of that term as defined in ORS 138.053) must either be unconstitutionally cruel and unusual, or exceed the maximum allowable by law because it is not 'imposed consistently with the statutory requirements.'"

*Id.* at 606-07.

These cases, both individually and collectively, do not help defendant. They do not stand for the proposition that every error having an adverse effect on a disposition is appealable. They stand, at most, for the proposition that an erroneously imposed disposition (one "imposed [in]consistently with the statutory requirements") is appealable if the error might have caused a sentence that exceeds the maximum allowable by law. Even if we were to conclude that the sentencing court erred in ruling that defendant did not qualify for the possibility of a downward departure under ORS 137.712, that is, that the court imposed a sentence that was not consistent with statutory requirements, the asserted error would not have lead to a sentence that could be said to exceed the maximum allowable by law for defendant's crime. The law requires a minimum 70-month sentence for second-degree robbery. Defendant received a 70-month sentence. Put another way, if the trial court erred, that error deprived defendant only of an opportunity to be considered for a sub-minimum sentence; it did not expose her to a sentence that

exceeded the legal maximum. Such an error is not reviewable and, for that reason, we lack jurisdiction to consider it.

Appeal dismissed.