Argued and submitted June 30; resubmitted en banc November 17, 2005, affirmed
January 25, petition for review denied May 23, 2006 (340 Or 673)

## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLES EDWIN EASTON,
*Appellant.*

## C973377CR; A118180

126 P3d 1256

Joshua Crowther argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, and Daniel M. Carroll, Deputy Public Defender, Office of Public Defense Services.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, Ortega, and Rosenblum, Judges.

BREWER, C. J.

**BREWER, C. J.**

In two separate cases, defendant pleaded no contest to charges of attempted first-degree sexual abuse and first-degree rape. He received a 60-month sentence for the rape conviction and a 14-month sentence for the attempted sexual abuse conviction. Defendant stipulated, and the trial court ordered at the sentencing proceeding, that the sentences were to be served consecutively. However, the written judgments did not so specify. Pursuant to ORS 138.083, the court later entered an amended judgment in the first case to correct the error and make the 14-month sentence in that case consecutive to the 60-month sentence in the second case. Defendant appeals from the amended judgment, arguing that ORS 138.083 did not authorize the type of sentence modification made in this case and that, because the 14-month sentence had been executed, the court lacked jurisdiction to amend the judgment.

ORS 138.222(2)(d) precludes appellate courts from reviewing a sentence that results from a stipulated sentencing agreement. Defendant, however, is asking us to decide whether the trial court had jurisdiction to modify his sentence. A stipulation cannot extend to matters of jurisdiction, *State v. Miner*, 218 Or 502, 504, 342 P2d 773 (1959), and thus nothing in ORS 138.222(2)(d) precludes us from considering defendant's jurisdictional challenge. Accordingly, if the amended judgment is appealable, defendant's challenge to it is reviewable. *See State v. Young*, 188 Or App 247, 251, 71 P3d 119, *rev den*, 336 Or 125 (2003).

We turn to the question of appealability. ORS 138.050(1) provides, in part, that a defendant who has pleaded guilty or no contest may take an appeal if he or she makes a showing that the disposition "[e]xceeds the maximum allowable by law" or is "unconstitutionally cruel and unusual." Defendant asserts that the sentence at issue here exceeds the maximum allowable by law. This court's decisions establish that "a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements." *State v. Stubbs*, 193 Or App 595, 606, 91 P3d 774 (2004) (quoting *State v. Sumerlin*, 139 Or App 579, 582,

913 P2d 340 (1996) (emphasis and internal quotation marks omitted)). Based on that understanding, we held in *Stubbs* that the defendant could appeal under circumstances substantially similar to those present here. In *Stubbs*, the sentencing court intended to impose consecutive sentences totaling 40 months, but the original judgment incorrectly gave a total incarceration term of 38 months. 193 Or App at 597. As in the present case, the judgment was corrected pursuant to ORS 138.083, and the defendant sought to challenge it on the ground that the sentence had been executed. *Id.* at 597-98. We held:

> "The gravamen of defendant's argument on appeal is that the amended sentence imposed in this case was not imposed consistently with statutory requirements, because the trial court lacked authority to modify a sentence that had already been 'executed,' in light of ORS 137.010(6) (certain sentencing options remain open only 'until the person is delivered to the custody of the Department of Corrections'). At this point, we express no opinion as to whether defendant is *correct* in asserting that his amended sentence was imposed in a manner inconsistent with that statute; the only issue before us is whether defendant's argument is one that is cognizable as pertaining to a 'disposition' that '[e]xceeds the maximum allowable by law.' ORS 138.050(1)(a). We conclude that it is."

*Id.* at 607 (emphasis in original). That holding also is consistent with our decisions in *State v. Rojas-Montalvo*, 153 Or App 222, 957 P2d 163, *rev den*, 327 Or 192 (1998) (ORS 138.050 did not bar challenge to consecutive sentences), and *Sumerlin*, 139 Or App at 584-89 (asserted errors pertaining to merger of sentences, as well as consecutive sentences, are appealable under ORS 138.050 after plea of guilty). Because the present case is materially indistinguishable from *Stubbs*, we conclude that the judgment is appealable.[1]

---

[1] This case differs from *State v. Anderson*, 197 Or App 193, 104 P3d 1175, *rev den*, 338 Or 583 (2005). In *Anderson*, the defendant pleaded guilty to a Measure 11 offense and received the Measure 11 sentence specified under ORS 137.700. She argued on appeal that she should have been received a discretionary "downward departure" under ORS 137.712. *Anderson*, 197 Or App at 195. Relying on both *Stubbs* and *Sumerlin*, we concluded that our previous decisions

"stand * * * for the proposition that an erroneously imposed disposition (one 'imposed [in]consistently with [the] statutory requirements') is appealable if the error might have caused a sentence that exceeds the maximum allowable

We turn to the merits of defendant's arguments. ORS 138.083(1) provides, in part:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

Again, defendant asserts in part that ORS 138.083(1) did not authorize the trial court's action here because the error that the amended judgment corrected was not clerical. Instead, defendant argues, the error was substantive, constituted the exercise of a judicial function, and was no mere scrivener's mistake. Whether an error is considered "substantive" or concerns a "judicial function" is beside the point, however. That is because ORS 138.083 permits a court to correct "*any* erroneous term in the judgment." (Emphasis added.) Defendant's first asserted basis for reversal is unavailing.

■ Defendant next contends that the trial court was precluded from modifying his sentence because the sentence had been "executed," that is, he had been delivered to the Department of Corrections and commenced serving his sentences. At this point, it is helpful to trace back to its source the proposition that a court may not modify a sentence that has been "executed." That proposition was discussed at length in *State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983), which concerned a court's sentencing authority

---

by law. Even if we were to conclude that the sentencing court erred in ruling that defendant did not qualify for the possibility of a downward departure under ORS 137.712, that is, that the court imposed a sentence that was not consistent with statutory requirements, the asserted error would not have [led] to a sentence that could be said to exceed the maximum allowable by law for defendant's crime. The law requires a minimum 70-month sentence for second-degree robbery. Defendant received a 70-month sentence. Put another way, if the trial court erred, that error deprived defendant only of an opportunity to be considered for a sub-minimum sentence; it did not expose her to a sentence that exceeded the legal maximum."

*Anderson*, 197 Or App at 199-200 (first brackets in original). *Anderson* is distinguishable from the present case, as well as from *Stubbs, Sumerlin*, and *Rojas-Montalvo*. In *Anderson*, the defendant received what was, in essence, the "default" sentence for her crime—one that the court was *required* to impose under ORS 137.700 in the absence of any special findings or circumstances, and thus there was no basis for concluding that the sentence she received in any way exceeded "the maximum allowable by law." 197 Or App at 199.

under ORS 137.010(4), which provided, in part, that a trial court's power "to suspend execution of sentence or to grant probation * * * shall continue until the person is delivered to the custody of the Corrections Division."[2] *O'Leary*, 295 Or at 634. There, a convicted offender had been sentenced to prison but released pending appeal; after his appeal rights were exhausted, the trial court resentenced him to probation. *Id.* The Supreme Court held that ORS 137.010 precluded the trial court from modifying the sentence in that case, because the offender had been delivered to the custody of the Corrections Division. *Id.* The court noted that ORS 137.010 codified the common-law rule that "a trial judge's power to modify or vacate a valid sentence ends once the sentence has been executed." *Id.* at 636 (citations omitted). The court also determined that no constitutional right to resentencing existed under those circumstances. *Id.* at 637-38. In sum, the idea that a trial court may not modify an "executed" sentence is a common-law rule, some aspects of which were codified in ORS 137.010.[3]

The common-law rule has no application here. The legislature has the ability to modify such common-law rules. And, it clearly has done so by enacting ORS 138.083, which specifically allows for the type of sentence modification at issue in this case, notwithstanding that the sentence has been executed. *See State v. Horsley*, 168 Or App 559, 7 P3d 646 (2000).

We reject defendant's constitutional arguments without discussion.

Affirmed.

---

[2] A virtually identical provision is currently codified at ORS 137.010(6).

[3] ORS 137.010 has no application in this case, as the court did not "suspend execution of sentence or * * * grant probation."