Argued and submitted April 29, remanded with instructions to amend the combined sentence to comply with ORS 161.605; otherwise affirmed August 26, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOPHER ALLEN DONNER,
*Defendant-Appellant.*

Multnomah County Circuit Court
051036094; A136653

215 P3d 928

Ryan T. O'Connor, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger,
Attorney General, and Rolf C. Moan, Acting Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

Defendant appeals from the trial court's entry of a corrected judgment, ORS 138.083(1)(a), in which the court corrected the term of defendant's sentence on his conviction for attempted second-degree kidnapping. In the corrected judgment, the court increased the term of incarceration that had been imposed in the original written judgment, and did so after defendant had fully served the original incarceration term. Defendant raises two assignments of error. First, he argues that the trial court did not have authority to increase the length of the prison term imposed in the original written judgment. Second, he argues that the trial court, through its corrected judgment, imposed a total term of supervision that exceeds the statutory maximum for his crime as set forth in ORS 161.605. We conclude that the trial court had authority to correct the judgment under the circumstances presented here, but that the length of the corrected term violated ORS 161.605. Accordingly, we remand for resentencing.

While serving a 36-month probation sentence, defendant violated the terms of his probation. On June 15, 2007, the trial court revoked defendant's probation and orally imposed a 36-month prison sentence for defendant's attempted-kidnapping conviction. However, the written judgment that the court entered provided that defendant was to serve *six* months in prison and 36 months of post-prison supervision, with credit for time served. Six weeks later, on July 27, 2007, the trial court entered a corrected judgment based on the "scrivener's error regarding [the] prison term"; that judgment increased defendant's sentence to 36 months in prison and 36 months of post-prison supervision. Defendant had been released from prison at that point, having served the originally imposed six-month prison sentence, but he was still serving the post-prison supervision portion of that term.

On appeal, defendant first argues that the trial court lacked statutory authority to amend the judgment by increasing the length of his term of incarceration. He asserts that, absent such statutory authority, the trial court violated the common-law rule that a trial court may not modify a sentence that has been executed and served. *See State v. Smith,*

323 Or 450, 918 P2d 824 (1996). The state disagrees. It argues that ORS 138.083(1)(a) provides a court authority to correct errors in a judgment or sentence, and that our decision in *State v. Easton*, 204 Or App 1, 5, 126 P3d 1256, *rev den*, 340 Or 673 (2006), in which we held that a court may modify such a sentence, even after it has been executed, controls.

We agree with the state. A sentencing court has authority under ORS 138.083(1)(a) to correct errors in a judgment. That statute provides, in part:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

In *Easton*, the defendant appealed from an amended judgment that corrected an earlier judgment, in which the court had neglected to reflect its order at sentencing that the defendant was to serve his sentences for two crimes consecutively. 204 Or App at 3. The defendant contended that common-law rules precluded the trial court from amending his sentence pursuant to ORS 138.083 because his sentence had been "executed." We rejected that argument, explaining that the defendant was relying on a common-law rule that the legislature had modified by enacting ORS 138.083, "which specifically allows for the type of sentence modification at issue in this case, *notwithstanding that the sentence has been executed.*" *Id.* at 6 (emphasis added).

The only distinction between *Easton* and this case is that, here, defendant's term of incarceration was both executed *and served*. That is a distinction without a difference. *Easton* is unqualified in its statement as to the operation of ORS 138.083 with respect to previous common-law rules pertaining to the modification of sentences to correct errors. As a consequence, consistently with the operative premise in *Easton*, ORS 138.083 authorized the trial court's modification of the original judgment.

■ Defendant next argues that the trial court erred in imposing a total sentence of 72 months—36 months' incarceration and 36 months' post-prison supervision—on a Class C felony, where ORS 161.605 sets the maximum term of supervision for that offense at five years. The state notes—and defendant agrees—that defendant did not preserve the error, but it concedes that the error is plain. ORAP 5.45(1). We accept the state's concession as well founded. Thus, our only remaining task is to determine whether we choose to exercise our discretion to review and correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Given that our burden in reviewing and correcting the error is minimal and that sentencing defendant according to the law serves the ends of justice, we elect to exercise our discretion to correct the error here. Hence, we reverse and remand for resentencing in compliance with ORS 161.605.

Remanded with instructions to amend the combined sentence to comply with ORS 161.605; otherwise affirmed.