Submitted April 8, remanded for resentencing; otherwise affirmed
May 15, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS DWAIN McCALLUM,
*Defendant-Appellant.*

Lane County Circuit Court
201020073;
A147699 (Control), A151373

301 P3d 965

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

A jury found defendant guilty of nine offenses: two counts of first-degree sexual abuse; three counts of second-degree unlawful sexual penetration; three counts of first-degree criminal mistreatment; and one count of second-degree animal abuse. He appeals the resulting convictions and sentences, advancing multiple assignments of error. We write to address one of those assignments and reject the others without discussion.

In his third assignment of error, defendant argues that, on each of the three convictions for criminal mistreatment, the trial court imposed 36-months of post-prison supervision, which, when added to defendant's 36-month prison term, exceeded the five-year statutory maximum indeterminate sentence for those class C felonies. ORS 161.605(3) (maximum term of an indeterminate sentence of imprisonment is, "[f]or a Class C felony, 5 years"); OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."). The state concedes that the 72-month sentences imposed by the trial court are plainly erroneous, and we agree. *See State v. Donner*, 230 Or App 465, 469, 215 P3d 928 (2009) (trial court plainly erred in imposing a "total sentence of 72 months—36 months' incarceration and 36 months' post-prison supervision—on a Class C felony"). For the same reasons expressed in *Donner*, we exercise our discretion to correct the error in this case.

Remanded for resentencing; otherwise affirmed.