Submitted on record and briefs December 5, 2005, sentences vacated; remanded for resentencing; otherwise affirmed January 4, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# MEDERO PRINCE MOON,
*Appellant.*

0205-33164, 0009-37205;
A122221 (Control), A122721
(Cases Consolidated)

126 P3d 4

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC, filed the briefs for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the briefs for respondent.

Before Schuman, Presiding Judge, and Landau,* and Ortega, Judges.

SCHUMAN, P. J.

---

* Landau, J., *vice* Richardson, S. J.

## SCHUMAN, P. J.

Defendant was convicted of aggravated murder, ORS 163.095, and kidnapping in the first degree, ORS 163.235. On appeal, he argues that the trial court erred when it imposed consecutive sentences, when it imposed an upward durational departure on the kidnapping conviction, and when it used defendant's juvenile adjudication history in determining that defendant should serve a longer sentence than he would have based solely on his adult criminal history. According to defendant, facts that were not found by a jury were used to increase his sentences, contrary to *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Defendant did not preserve his claims of error at trial, but argues that they should be reviewed as error apparent on the face of the record. ORAP 5.45(1).

■ In *State v. Fuerte-Coria*, 196 Or App 170, 174, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), we held that imposition of consecutive sentences based on facts not admitted by the defendant or found by a jury did not amount to plain error under *Blakely*. We therefore reject claimant's argument to the contrary.

■ However, in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), we held that imposing a departure sentence based on facts not admitted by the defendant or found by a jury amounted to plain error, and we exercised our discretion to review that error. We remanded to the trial court for resentencing. The state acknowledges *Gornick* but argues that, in the present case, we should refrain from exercising our discretion to review because this case is distinguishable in that defendant will be incarcerated for a minimum of 500 months before any error associated with the sentence for kidnapping in the second degree could have any practical effect on him. Under these circumstances, the state contends, the magnitude of the claimed error is so relatively small that this court should not exercise its discretion to address it.

■ In *Gornick*, we noted that key concerns in deciding whether or not to exercise our discretion to review a plain *Blakely* error include "the competing interests of the parties,

the gravity of the error, and the ends of justice." 196 Or App at 410. We went on to note:

> "[T]he state has no legitimate interest in requiring [the defendant] to serve an unlawful sentence. Conversely, defendant has a significant liberty interest at stake. The maximum presumptive sentence to which defendant lawfully could have been subjected was 14 months; his departure sentence is nearly double that, 26 months. We conclude that the error is grave and that the ends of justice are best served by vacating defendant's sentence."

*Id.* In the present case, the competing interests of the parties and the ends of justice are what they were in *Gornick*. Further, the departure sentence on the kidnapping charge, 230 months, is exactly twice the maximum presumptive sentence. Any reduction in the gravity of the error that could result from the fact that imposition of the upward departure will not occur for 500 months is more than offset by the fact that the departure itself is 115 months, ten times longer than the departure in *Gornick*. Assuming that, as the state argues, defendant serves 500 months before the upward departure portion of the kidnapping sentence begins, enforcing that departure would still keep defendant incarcerated instead of free between the ages of 63 and 72. Thus, his liberty interest is at least as significant as the defendant's in *Gornick*.

Because we vacate the sentences and remand for resentencing, we need not address defendant's argument regarding use of juvenile adjudications. We note, however, that the Supreme Court has held that a juvenile adjudication is not a "conviction" under *Blakely*. *State v. Harris*, 339 Or 157, 174, 118 P3d 236 (2005).

Sentences vacated; remanded for resentencing; otherwise affirmed.