(342 Or 46)

# STATE OF OREGON,
*Respondent,*

*v.*

# MEDERO PRINCE MOON,
*Appellant.*

0205-33164, 0009-37205;
A122221 (Control), A122721
(Cases Consolidated)

142 P3d 105

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, for petition.

Erin Galli Rohr for response.

Before Schuman, Presiding Judge, and Landau, and Ortega, Judges.

SCHUMAN, P. J.

## SCHUMAN, P. J.

In *State v. Moon*, 203 Or App 586, 126 P3d 4 (2006), we held that the trial court erred in imposing an upward durational departure sentence based on facts not found by a jury, and, consequently, we vacated the sentences and remanded for resentencing. The state petitions for reconsideration. We allow reconsideration, withdraw our former opinion, and affirm.

As we described the posture of this case in our original opinion,

> "Defendant was convicted of aggravated murder, ORS 163.095, and kidnapping in the first degree, ORS 163.235. On appeal, he argues that the trial court erred when it imposed consecutive sentences, when it imposed an upward durational departure on the kidnapping conviction, and when it used defendant's juvenile adjudication history in determining that defendant should serve a longer sentence than he would have based solely on his adult criminal history. According to defendant, facts that were not found by a jury were used to increase his sentences, contrary to *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Defendant did not preserve his claims of error at trial, but argues that they should be reviewed as error apparent on the face of the record. ORAP 5.45(1)."

*Id.* at 588. Relying on *State v. Fuerte-Coria*, 196 Or App 170, 174, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), we rejected defendant's claim that imposition of consecutive sentences was plain error. However, relying on our decision in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev'd*, 340 Or 160, 130 P3d 780 (2006), we held that the court's imposition of an upward durational departure sentence was plain error, and, exercising our discretion to review that error, we vacated all of the sentences and remanded for resentencing without reaching defendant's argument that the court also erred in using a juvenile adjudication in calculating his sentence. *See* ORS 138.222(5)(a) ("If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."). Before the appellate judgment

issued in this case, however, the Supreme Court reversed our decision in *Gornick*. *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006). The state petitions for reconsideration in light of that Supreme Court reversal.

■■ We agree with the state that, under the Supreme Court's *Gornick* decision, the trial court's imposition of an upward durational departure sentence based on facts not found by a jury was not plain error. *Id.* at 170. For that reason, we must withdraw our original decision, which held to the contrary. We must also decide the issue we did not reach in that decision, that is, whether the court committed plain error by using the fact that defendant had a prior juvenile adjudication to increase defendant's sentence, when that fact was neither admitted nor proved to a jury.

In *State v. Harris*, 339 Or 157, 175, 118 P3d 236 (2005), the Supreme Court held that

> "the use of prior juvenile adjudications as sentencing factors in Oregon does not violate the jury trial right guaranteed by the Sixth Amendment. At the same time, we also hold that the Sixth Amendment requires that when such an adjudication is offered as an enhancement factor to increase a criminal sentence, its existence must either be proved to a trier of fact or be admitted by a defendant for sentencing purposes following an informed and knowing waiver. Here, neither of those conditions was met."

In the present case, it is beyond dispute that no jury found as fact that defendant had a juvenile adjudication. It is also indisputable that defendant did not admit that fact "for sentencing purposes." Thus, under *Harris*, if the trial court used defendant's juvenile adjudication to increase his sentence, the court violated defendant's rights under the Sixth Amendment.[1]

The question remains whether it is apparent on the face of the record that the trial court did, in fact, increase the disputed sentence on the basis of defendant's prior juvenile

---

[1] *Gornick* would seem to imply that, when he waived his right to a jury trial, defendant also relinquished any claim that sentencing enhancement factors had to be found by a jury or admitted. *Gornick*, 340 Or at 169-70. The quoted passage from *Harris*, however, implies a contrary conclusion, and nothing in *Gornick* indicates an intent to modify or overrule *Harris*.

adjudication. ORAP 5.45(1). We have searched the record—a task we could have declined to perform, ORAP 5.45(4)(c)—including the portions of it under seal, and we have been unable to determine the basis for the increased sentence. Consequently, we conclude that the asserted error is not apparent on the face of the record. That being the case, none of the asserted errors is apparent on the face of the record, so we have no basis on which to order resentencing.

Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed.