This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                                        **NO. 29,451**

**ADAM MARTINEZ,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the district court order revoking probation and imposing the suspended sentence and commitment. Defendant contends that he was not provided the opportunity to present a defense at his probation revocation hearing. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. Because we remain unpersuaded, we affirm.

**DISCUSSION**

Defendant was sentenced on August 5, 2008, to attend and complete an in-patient substance abuse treatment program at Second Chance Rehabilitation Center ("Center") for a minimum of two years. [DS 3] Defendant was discharged by the Center in December 2008. [Id.] Jeannie Balvin, an employee at the Center, initiated the proceedings to remove Defendant from the program for non-compliance. [DS 3-4] Ms. Balvin asserted the following grounds for Defendant's discharge: Defendant was a negative influence, caused disruptions, was disrespectful, kept people up late at night, was lying to get into other areas of the Center, had been doing poorly in his course work, was disruptive in the course room, was destructive, and refused to clean. [RP 228-30] The district court entered an order revoking Defendant's probation.

The State bears the burden of proving that a probation violation occurred with reasonable certainty. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. After the State offers proof of a breach of a material condition of probation, the defendant has the opportunity to come forward with evidence to excuse the noncompliance. *See State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). Defendant continues to assert that he was not permitted the opportunity to present evidence showing he did not willfully violate the terms of his probation, and claims that this amounts to a violation of his right to due process. [MIO 7]

A defendant is entitled to minimum due process rights in a probation revocation hearing. *See Sanchez*, 2001-NMCA-060, ¶ 13 (acknowledging a right to written notice of the violation, disclosure of evidence against the defendant, and the right to confront and cross-examine adverse witnesses). In this Court's calendar notice, we proposed to conclude that Defendant was afforded due process and that Defendant had not satisfied the requirement that he make at least a minimal showing of prejudice in support of his claim. [CN 5] *See State v. Campbell*, 2007-NMCA-051, ¶ 18, 141 N.M. 543, 157 P.3d 722, *cert. quashed*, 2008-NMCERT-002, 143 N.M. 667, 180 P.3d 674.

In his memorandum in opposition, Defendant contends that he was unable (1) to present his defense that he was discharged from the facility due to lack of money; (2) to present a defense to the allegation that he had misused cleaning supplies; and (3) to present evidence that he was assaulted by a security guard. [MIO 11-12] Specifically, Defendant takes issue with the district court not allowing a staff member to testify that employees were not being paid on time, and, similarly, not permitting a resident to testify that he had overheard staff members complaining that they were not paid on time. [MIO 8-10] Defendant contends that he should have been permitted to question a resident as to whether there were money problems at the Center, but the district court excluded the testimony because the resident was not qualified to provide testimony regarding the Center's financial status. [MIO 9-10] Defendant further contends that he should have been permitted to present testimony by a resident that there were problems with cleaning supplies, despite the State's objection that the testimony was cumulative. [MIO 9] And, Defendant argues he should have been permitted to submit evidence that he was assaulted by a security guard at the center. [MIO 11]

To the extent the district court prevented Defendant from soliciting testimony that was irrelevant, cumulative, not based on personal knowledge, or was hearsay, this Court concludes that the inability to present such evidence did not violate Defendant's right to due process. *Cf. Peterson Props. v. Valencia*

*County Valuation Protests Bd.*, 89 N.M. 239, 242, 549 P.2d 1074, 1077 (Ct. App. 1976) (holding that taxpayer was not denied due process where irrelevant evidence was properly excluded).  Moreover, Defendant was permitted to solicit testimony that the staff member testifying had not been paid on time [MIO 8]; testimony from the same staff member that Defendant did well on his course work and that the staff member had never seen Defendant refuse to clean [MIO 2]; testimony that the quality of the food had declined [MIO 5]; and testimony that the center was often out of cleaning supplies and Ms. Balvin would have to purchase them herself [MIO 3].  Defendant was also permitted the opportunity to cross-examine Ms. Balvin regarding her motives.  [CN 4]  In this Court's calendar notice, we proposed to conclude that Defendant had not demonstrated prejudice, given that Defendant was permitted to present the evidence identified above.  [CN 5]  Defendant has not demonstrated that this Court's proposed ruling was in error.  *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

Finally, the district court's revocation of Defendant's probation is sufficiently supported by Ms. Balvin's testimony.  As a result, this Court cannot conclude that the district court abused its discretion in revoking Defendant's probation.  *See State v. Phillips*, 2006-NMCA-001, ¶ 10, 138 N.M. 730, 126 P.3d

546 (recognizing that a district court's revocation of probation is reviewed for an abuse of discretion).

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
MICHAEL E. VIGIL, Judge

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**