Argued and submitted March 8, amended judgment reversed; case remanded with instructions to reenter March 6, 2008, judgment; otherwise affirmed April 20, petition for review denied June 30, 2011 (350 Or 530)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN LAWRENCE JOHNSON,
*Defendant-Appellant.*

Marion County Circuit Court
00C48195; A138490

255 P3d 547

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Ortega, Presiding Judge, and Rosenblum, Judge, and Sercombe, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant appeals from an amended judgment purporting to modify an erroneous term in an earlier judgment by noting that the sentence in this case is to be served consecutively to a sentence previously imposed. Defendant contends that the failure to impose the sentence consecutively in the earlier judgment was not an "erroneous term" that can be modified under ORS 138.083, on which the trial court relied. The state argues that the court had inherent authority to amend the judgment to reflect the sentence to which defendant agreed. We conclude that the court lacked authority to amend the judgment. Accordingly, we reverse the amended judgment.

Except as noted below, the material facts are undisputed. In 2001, in this case, defendant was convicted of two counts of murder, felon in possession of a firearm, and manufacture of a controlled substance (MCS). The trial court imposed prison terms for each of those convictions at a sentencing hearing on May 4, 2001. The court ordered that defendant serve those sentences consecutively to a sentence imposed for an assault conviction in another case.

Defendant appealed the convictions in this case. We reversed and remanded for a new trial. *State v. Johnson*, 199 Or App 305, 111 P3d 784, *rev den*, 339 Or 701 (2005).

Following plea negotiations, the case proceeded on a stipulated amended indictment charging defendant with first-degree manslaughter, felon in possession of a firearm, and MCS. Defendant agreed to plead guilty to Count 1 (manslaughter) and Count 3 (MCS), and the state agreed to dismiss the other charge. In the plea negotiations, the state was represented by two deputy district attorneys; defendant was represented by two attorneys as well. Defendant's plea petition, the state's sentencing memorandum, and a letter from the deputy district attorneys to the trial court all state that the parties stipulated that defendant would receive a 120-month sentence on Count 1 and a 45-month sentence on Count 3, with the latter sentence to be consecutive to the sentence on Count 1. None of those documents said anything about either sentence running consecutively to any other sentence.

The trial court accepted defendant's plea and sentenced him consistently with the parties' stipulations at a hearing on March 3, 2008.[1] It ordered that the sentence on Count 3 be consecutive to the sentence on Count 1 and made findings in support of the consecutive sentencing. No other mention was made of consecutive sentences at the hearing. On March 6, 2008, the court entered a judgment reflecting the sentences ordered at the hearing.

On April 3, 2008, the trial court held a status conference at which the two deputy district attorneys and one of defendant's attorneys were present. Nothing in the record indicates what prompted the conference; neither the state nor defendant filed any documents in connection with the conference. The conference was not recorded, but a court document entitled "STATUS" includes notes written by the judge: "DA forgot to mark judgment as consec[utive] to Assault 4 conviction as previously read. DA will file motion & will transport [defendant] for [hearing]."

In June 2008, the state filed a motion to correct the judgment pursuant to ORS 138.083. The motion noted that defendant's sentences imposed for the original convictions in 2001 were ordered to run consecutively to the sentence on the prior assault conviction. It noted further that defendant's original convictions in this case had been reversed, that defendant had pleaded guilty to Counts 1 and 3 in the stipulated amended indictment, and that he was sentenced to 120 months on Count 1 and a consecutive 45-month term on Count 3. The motion then stated, "At the time of his March 3, 2008, sentencing, the parties failed to address the issue of [the assault case]. The state therefore requests that the court set a hearing wherein this issue can be addressed and the judgment corrected." Defendant did not file a response to the state's motion.

No hearing was held on the motion. On September 10, 2008, the trial court filed an amended judgment as to Count 1.

---

[1] In the course of sentencing defendant, the court ordered that defendant not receive "good time" credits that he had earned while serving the sentences on the 2001 convictions. In a supplemental *pro se* brief, defendant argues that, for several reasons, the court erred in denying those credits. We reject defendant's arguments without discussion.

In all material respects, it is identical to the judgment entered on that count in March 2008, except that it states that the sentence imposed on that count is to be served consecutively to the sentence previously imposed on the assault conviction.[2]

On appeal, defendant assigns error to the entry of the amended judgment. He argues that the trial court lacked authority under ORS 138.083 to modify the sentence imposed in the original judgment on Count 1. The pertinent provision of that statute, ORS 138.083(1)(a) provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

Defendant argues that the amended judgment did not correct any arithmetic or clerical errors and that the original judgment did not contain any erroneous terms. He argues that the judgment did not contain any legal error, because no law mandated that the sentences in this case run consecutively to the sentence in the assault case. Nor, he contends, did it contain any factual error, because it did not fail to conform to the parties' sentencing stipulations or to the court's oral pronouncement of sentence. Defendant goes on to argue that, even if the court had authority to modify the judgment, it erred in doing so without defendant's presence or a waiver of his right to be present.

In his brief on appeal, defendant acknowledged that he did not preserve the arguments that he makes before us, but he asserted that we should review for error apparent on the face of the record. In a supplemental memorandum, however, he argues that, because the trial court did not hold a

---

[2] The sentence imposed on the assault conviction was a 365-day jail term. At oral argument, we queried whether defendant had not fully served that sentence by March 3, 2008, when the trial court imposed the sentences at issue in this case, possibly rendering moot the issue of whether the sentence on Count 1 should be consecutive to the sentence on the assault conviction. Defense counsel represented that, according to the Department of Corrections, defendant had not yet finished serving the jail term on the assault conviction.

hearing, and because the error appeared for the first time in the amended judgment, he had no opportunity to object in the trial court, so the preservation requirement should be excused.

The state disputes defendant's contention that he had no opportunity to object. It argues that defendant received notice that the state sought to modify the judgment. It notes that one of defendant's attorneys was present at the April 3, 2008, status conference, at which the issue was raised, and argues that defendant was further notified by the state's motion to correct the judgment, filed on June 24, 2008. The state contends that defendant failed to use those opportunities to oppose the motion, request a hearing, or take any other action to inform the court that he believed that the judgment should not be amended. Because defendant had opportunities to object, the state argues, preservation should not be excused.

The state also argues that the errors that defendant asserts are not apparent on the face of the record. In the state's view, we would have to look outside the record to determine whether the trial court erred, because it is possible to infer from the record that the parties agreed that the sentences imposed on Counts 1 and 3 would be consecutive to the sentence on the assault conviction, as the original sentences imposed in this case in 2001 were.

On the merits, the state argues that, in addition to the authority under ORS 138.083(1)(a) to correct legal and factual errors, a court has inherent authority to correct a judgment to reflect the sentences to which a defendant agreed.

■ We agree with defendant that preservation was not required in this case. Although defendant had opportunities to object, both the trial court's status document and the state's motion indicate that a hearing on the issue was contemplated, so there was no reason for defendant to expect that the judgment would be amended without him having an opportunity to raise objections at a hearing. We have never held that a defendant must object at the earliest opportunity

in order to meet preservation requirements, and we decline to read such a requirement into the rule now.[3]

■ We turn to the merits of defendant's arguments, beginning with his contention that the trial court lacked authority to amend the judgment. As noted, ORS 138.083(1)(a) authorizes a court to "correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment." There is no question in this case that the judgment did not contain any arithmetic or clerical errors. We also conclude that it did not include any "erroneous term." As defendant points out, the trial court was not required to impose consecutive sentences, so there is no legal error, and the judgment conforms to the sentence that the court pronounced orally, so there is no factual error.[4] Thus, ORS 138.083(1)(a) did not furnish authority for the court to modify the judgment.

■ The question remains whether, as the state asserts, courts have inherent authority to modify judgments to reflect the sentences agreed upon by the parties and, if so, whether defendant actually agreed that his sentence on Count 1 would be consecutive to the sentence on the assault conviction. We do not reach the second issue, because we conclude that the trial court did not have authority to modify the judgment.

■■ Oregon subscribes to the common-law rule that, once a valid sentence is executed—that is, once a defendant begins serving it—the trial court loses jurisdiction over the case and, thus, power to modify the sentence. *State ex rel O'Leary v. Jacobs*, 295 Or 632, 636, 669 P2d 1128 (1983). The common-law rule includes an exception: If the sentence is invalid because it is contrary to law in some respect, the court is

---

[3] If a trial court's local rule required that a written response to a motion be filed in advance of a hearing on the motion, failure to do so would present a different preservation issue. No one has indicated that such a rule governed in this case.

[4] We express no opinion as to whether a judgment includes an "erroneous term" if it is clear from the record that the trial court intended to include a particular term in its ruling and judgment but neglected to do so in either. The record in this case does not indicate that the court intended to order that the sentence on Count 1 be served consecutively to the sentence on the assault conviction, so that issue is not presented in this case.

deemed to have failed to pronounce any sentence and, thus, it has not yet exhausted its jurisdiction and can substitute a valid sentence for the one that is void. *State v. Nelson*, 246 Or 321, 324, 424 P2d 223, *cert den*, 389 US 964 (1967). That appears to be the only exception recognized in the common law. Of course, the legislature is free to create additional exceptions to the common-law rule, and, indeed, it did so with the enactment of ORS 138.083. However, as we have already concluded, that statute did not furnish authority for modification in this case. The state cites no other statute (or any case law) in support of its assertion that a trial court has inherent authority to modify the judgment to reflect sentences to which a defendant agreed, and we are aware of none. It follows that the trial court lacked authority to modify the judgment in this case.[5]

Amended judgment reversed; case remanded with instructions to reenter March 6, 2008, judgment; otherwise affirmed.

---

[5] We express no opinion as to whether defendant actually agreed to the consecutive sentence that the court imposed in the amended judgment.