Argued and submitted September 14, affirmed December 14, 2011, petition for review denied May 3, 2012 (352 Or 25)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM MERRILL ESTEY, JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR97060; A144297

268 P3d 772

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals an amended judgment sentencing him to 225 months' incarceration, arguing that the trial court lacked authority to enter that judgment under ORS 138.083, because the original judgment did not contain any erroneous terms or factual errors.[1] We affirm.[2]

In 1997, defendant was convicted of 20 counts of first-degree sexual abuse and was sentenced to 75 months' incarceration for each count. The sentencing court orally ordered defendant to serve certain sentences consecutively for a total of 225 months. The court's written judgment, however, provided for consecutive sentences that totaled only 150 months.

In August 2009, after defendant had served 145 months of his sentence, the district attorney sent a letter asking the trial court to amend the judgment to conform defendant's sentence to the oral pronouncement of 225 months' incarceration. After a hearing, the court granted the state's request and entered an amended judgment that conformed to the court's oral pronouncement. Defendant appeals from the amended judgment.

On appeal, defendant asserts that ORS 138.083(1)(a) does not authorize a trial court to enter an amended judgment merely to conform the judgment to the sentencing court's oral pronouncement. To do so, defendant argues, would violate the "long-standing principle" of the finality of judgments in criminal cases and would be contrary to our recent decision in *State v. Johnson*, 242 Or App 279, 255 P3d 547, *rev den*, 350 Or 530 (2011). We disagree.

In *Johnson*, the defendant had been convicted of two counts of murder, felon in possession of a firearm, and

---

[1] ORS 138.083 provides, in pertinent part:

"(1)(a) The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

[2] We reject defendant's second assignment of error without discussion.

manufacture of a controlled substance. The sentencing court imposed sentences on those convictions consecutively to a sentence that had been imposed on an assault conviction in another case. *Id.* at 281. We reversed and remanded for a new trial; the defendant then pleaded guilty to manslaughter and manufacture of a controlled substance. The state and the defendant stipulated that the defendant would receive a 120-month prison sentence on the manslaughter count and a 45-month sentence on the other offense, the latter to be served consecutively to the former. *Id.* The trial court accepted the defendant's plea and sentenced him according to the stipulation; the court later entered a judgment reflecting the sentences ordered at the hearing. *Id.* at 282. Subsequently, the state filed a motion to correct the judgment under ORS 138.083 to provide that the defendant's new sentences be imposed consecutively to the sentence on the defendant's prior assault conviction, as the original judgment had provided. The trial court granted that motion and entered an amended judgment so providing. *Id.* at 282-83.

On appeal, the defendant argued that ORS 138.083 did not authorize the entry of the amended judgment, and we agreed. We explained that,

> "[a]s noted, ORS 138.083(1)(a) authorizes a court to 'correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.' There is no question in this case that the judgment did not contain any arithmetic or clerical errors. We also conclude that it did not include any 'erroneous term.' As defendant points out, the trial court was not required to impose consecutive sentences, so there is no legal error, and the judgment conforms to the sentence that the court pronounced orally, so there is no factual error. Thus, ORS 138.083(1)(a) did not furnish authority for the court to modify the judgment."

*Id.* at 285 (footnote omitted). At the same time, we rejected the state's argument that the trial court had "inherent authority" to enter the amended judgment, relying on the common-law rule "that, once a valid sentence is executed— that is, once a defendant begins serving it—the trial court loses jurisdiction over the case and, thus, power to modify the

sentence." *Id.* We noted that ORS 138.083 provides an exception to that common-law rule, and it authorizes a court to correct a judgment that contains erroneous terms, factual errors, arithmetic errors or clerical errors. *Id.* Because the stipulated sentencing judgment did not contain any errors falling within the categories set out by ORS 138.083, we concluded that the trial court had lacked the authority to enter the amended judgment. *Id.* at 286.

*Johnson* is distinguishable from the circumstances in this case because, here, the original written judgment did contain a "factual error": it failed to reflect the sentencing court's oral imposition of the sentence on one of the counts consecutively to the sentences on two others, resulting in a total of 225 months' incarceration. Thus, ORS 138.083 did apply here. *See also State v. Easton*, 204 Or App 1, 5-6, 126 P3d 1256, *rev den*, 340 Or 673 (2006) (affirming the entry of an amended judgment under ORS 138.083 when the sentencing court's written judgment failed to include a consecutive sentence that the court had orally pronounced).

Affirmed.