Argued and submitted August 3, 2011, reversed and remanded with instructions
to reinstate the July 2007 judgment March 14, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY GILBERT,
*Defendant-Appellant.*

Jackson County Circuit Court
061653FE; A143999

274 P3d 223

Erin Galli argued the cause for appellant. With her on the brief was Chilton & Galli, LLC.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals the trial court's amended judgment ordering defendant to serve his sentences for convictions for second-degree burglary consecutively to sentences in another case. Defendant contends (1) that the failure to impose the sentences consecutively was not an "erroneous term" that can be modified under ORS 138.083(1)(a), and (2) that the trial court erred in imposing a three-year term of post-prison supervision because the maximum term for defendant's offenses is one year. As explained below, we conclude that the trial court erred in amending the judgment under ORS 138.083(1)(a). Accordingly, we reverse and remand with instructions to reinstate the July 2007 judgment.

The facts are not disputed. In May 2006, in case number 061653FE—the case currently before this court—defendant pleaded guilty to five counts of burglary in the second degree (Counts 1 to 5), ORS 164.215; one count of theft in the second degree (Count 6), ORS 164.045; and one count of unlawful entry into a motor vehicle (Count 7), ORS 164.272. The parties stipulated to a sentence of 18 months of probation and six months in jail on Count 1 with deferred sentences on all of the remaining counts to allow defendant to participate in drug court. The sentencing agreement provided that, "[i]f defendant fails to complete drug court, the state will recommend 13 months['] prison for each count, 1 thr[ough] 5, for a total of 65 months, and 6 months['] jail on counts 6 thr[ough] 7, with 3 years['] post-prison supervision." The trial court sentenced defendant on June 13, 2006, and the sentence was consistent with the stipulated sentencing agreement. The judgment of conviction was silent as to whether any of the sentences were consecutive.

On July 12, 2007, defendant pleaded guilty to six counts of second-degree burglary, ORS 164.215, in case number 072331FE, an unrelated case that is not currently before this court. The court sentenced defendant to 13 months in prison for each count, with the sentences running consecutively, for a total of 78 months.

Defendant failed to comply with the requirement to complete drug court as required by the June 2006 judgment.

On July 24, 2007, the court revoked defendant's deferred sentence on Counts 2 to 7 in case number 061653FE and imposed consecutive sentences on each of the counts for a total of 65 months in prison and three years of post-prison supervision. The July 2007 judgment on case number 061653FE did not state that the sentences were to run consecutively to any other sentences.

Defendant was scheduled to be released from custody on case number 061653FE on July 31, 2009.[1] On August 25, 2009, the trial court held a hearing on the state's motion to address why defendant had been released from custody on case number 061653FE. The court stated, "[M]y intention was for [the sentences] to be consecutive." In an amended judgment entered on October 29, 2009, the court amended the July 2007 judgment to make the sentences on the convictions in case number 061653FE consecutive to the sentences in case number 072331FE. The October 2009 amended judgment incorporated the three-year term of post-prison supervision from the July 2007 judgment.[2]

Defendant appeals from the October 2009 amended judgment, arguing that the trial court erred in amending the judgment. Defendant argues that the original July 2007 judgment, which did not impose the sentences in case number 061653FE consecutively to the sentences in case number 072331FE, was not an "erroneous term" that can be modified under ORS 138.083(1)(a).[3] The state contends that the court correctly amended the judgment under ORS 138.083(1)(a) to reflect the court's intent at the time of the July 2007 judgment.

---

[1] The record is unclear as to the exact date when defendant was released from custody, but it was sometime in July or August 2009.

[2] On November 9, 2009, the court amended the judgment again, apparently to expand a footnote on the first page of the October 2009 amended judgment. There appear to be no substantive changes from the October 2009 amended judgment. Accordingly, we refer to both amended judgments as the "October 2009 amended judgment" for simplicity.

[3] Defendant initially frames his argument by saying that the court could not amend his sentences because those sentences had been executed and fully served. But, as we stated in *State v. Donner*, 230 Or App 465, 468, 215 P3d 928 (2009), under ORS 138.083, a court can modify a term of incarceration that has been both executed and served. Thus, the issue is whether the exception in ORS 138.083 applies to this case.

We review the trial court's sentencing determinations for errors of law. ORS 138.222(4)(a) (we may review a claim that the sentencing court failed to comply with requirements of law in imposing a sentence). "Oregon subscribes to the common-law rule that, once a valid sentence is executed—that is, once a defendant begins serving it—the trial court loses jurisdiction over the case and, thus, power to modify the sentence." *State v. Johnson*, 242 Or App 279, 285, 255 P3d 547, *rev den*, 350 Or 530 (2011). The legislature created an exception to the common-law rule in ORS 138.083(1)(a), which provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

Under ORS 138.083(1)(a), the sentencing court has authority to modify a sentence if the sentence contains "any arithmetic or clerical errors" or to change "any erroneous term in the judgment." Here, there were no arithmetic or clerical errors in the July 2007 judgment; the question before us is whether the phrase "erroneous term" encompasses the facts of this case.

We have interpreted the phrase "erroneous term" in several recent cases. *See, e.g.*, *State v. Estey*, 247 Or App 25, 268 P3d 772 (2011); *Johnson*, 242 Or App 279; *State v. French*, 208 Or App 652, 145 P3d 305 (2006); *State v. Easton*, 204 Or App 1, 126 P3d 1256, *rev den*, 340 Or 673 (2006). In *French* and *Easton*, we held that, if a court's oral ruling is different from the written judgment, the court has authority under ORS 138.083(1)(a) to modify the judgment to make it consistent with the oral ruling. *French*, 208 Or App at 656; *Easton*, 204 Or App at 5. In *Johnson*, the parties stipulated to the defendant's sentences; neither the written documents nor the written judgment said anything about the sentences running consecutively to any other sentence, and the court did not make any statements about consecutive sentences at the hearing. 242 Or App at 281-82. On the state's motion, the trial court amended the judgment to state that the sentence

was to be served consecutively with a sentence previously imposed. *Id.* at 282. We stated:

"As noted, ORS 138.083(1)(a) authorizes a court to 'correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.' There is no question in this case that the judgment did not contain any arithmetic or clerical errors. We also conclude that it did not include any 'erroneous term.' As defendant points out, the trial court was not required to impose consecutive sentences, so there is no legal error, and the judgment conforms to the sentence that the court pronounced orally, so there is no factual error."

*Id.* at 285. Accordingly, we concluded that ORS 138.083(1)(a) did not furnish authority for the court to modify the judgment. *Id.* We held that the court's authority to correct an "erroneous term" does not extend to an error that is not reflected in the record. However, we stated in a footnote,

"We express no opinion as to whether a judgment includes an 'erroneous term' if it is clear from the record that the trial court intended to include a particular term in its ruling and judgment but neglected to do so in either. The record in this case does not indicate that the court intended to order that the sentence on Count 1 be served consecutively to the sentence on the assault conviction, so that issue is not presented in this case."

*Id.* at 285 n 4. The question here is the issue we expressly did not address in *Johnson*.

In *Estey*, 247 Or App at 27, the trial court orally ruled that the defendant would serve consecutive sentences for a total of 225 months, but the written judgment imposed consecutive sentences that totaled only 150 months. We distinguished the facts from *Johnson* and held that, because "the original written judgment did contain a 'factual error' "—the written judgment failed to reflect the court's oral imposition of the sentence on one count consecutively to the sentences on two others—ORS 138.083(1)(a) applied. *Id.* at 29. Implicit in our holding in *Estey* is the conclusion that a difference in the sentencing court's oral ruling and the judgment is a "factual error" that constitutes an "erroneous term" for purposes of ORS 138.083(1)(a).

ORS 137.123(1) provides that, under circumstances such as these, "[a] sentence shall be deemed to be a concurrent term" to a previously imposed sentence "unless the judgment expressly provides for consecutive sentences." It appears from the court's statements on August 25, 2009, that the court believed it made a factual error in the July 2007 judgment when it did not specify that the sentences were to be served consecutively to the sentences imposed in case number 072331FE. However, a sentence is, as a matter of law, concurrent unless the judgment *expressly provides* that it is to be consecutive. Our case law demonstrates that a court may amend a judgment when the trial court orally provides that sentences be served consecutively at the time the court imposes the sentence but does not include consecutive sentences in the written judgment. But that is not the case here. We conclude that, because the trial court did not expressly provide that the sentences in case number 061653FE be served consecutively to the sentences imposed in case number 072331FE, either orally at the July 24, 2007, hearing or in the July 2007 judgment, the court may not later amend the judgment to reflect its unexpressed intention to make the sentences consecutive, and ORS 138.083(1)(a) does not authorize the trial court to amend the sentence. Accordingly, the trial court erred in entering the October 2009 amended judgment.[4]

Reversed and remanded with instructions to reinstate the July 2007 judgment.

---

[4] Our conclusion with regard to defendant's first assignment of error obviates the need to address his second assignment of error, which defendant concedes is not preserved. In his second assignment of error, defendant contends that the trial court further erred in imposing a three-year term of post-prison supervision in the October 2009 amended judgment because the maximum term for defendant's offenses is one year. By reversing on the first assignment of error, as a matter of law, the July 2007 judgment will be reinstated. The July 2007 judgment provided for the same three-year term of post-prison supervision that defendant challenges here, but the July 2007 judgment is not the subject of this appeal. Moreover, defendant's position below was that the July 2007 judgment should remain in place.