FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MEDERO P. MOON,

  Petitioner - Appellant,

v.

RICK COURSEY,

  Respondent - Appellee.

No. 13-36155

D.C. No. 3:10-cv-00616-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 4, 2015
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

Medero Moon appeals the denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. § 1291.

The district court erred in holding that, under *Bousley v. United States*, 523

U.S. 614, 623 (1998), Moon could not overcome procedural default under *Schlup*

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*v. Delo*, 513 U.S. 298, 315 (1995) by showing that he is actually innocent of kidnaping. The district court held that Moon was barred from raising his *Schlup* argument on the ground that Moon failed to show he was actually innocent of more serious charges dismissed during plea bargaining. *See Bousley*, 523 U.S. at 623–24. However, in effect, no more serious charges were dismissed during plea bargaining. The state did not forego any additional sentence it could have obtained when it agreed to dismiss other aggravated murder charges in exchange for Moon pleading guilty to one count of aggravated murder, because only one sentence can be imposed for the aggravated murder charges under state law. *See State v. Barrett*, 10 P.3d 901, 905–06 (Or. 2000). After Moon breached his plea agreement, the state could have sought the maximum sentence of life without parole on Count 1, murder in the course of robbery (as well as seeking a sentence on kidnaping); the state had not made any agreement as part of plea bargaining that would preclude it from seeking the maximum sentence after Moon breached the agreement. Because the state did not forego its right to obtain the maximum sentence available for the charges brought against Moon as part of plea bargaining, Moon did not have to establish that he was actually innocent of other charges in

order to raise his claim of actual innocence.[1]  *Cf. Bousley*, 523 U.S. at 617–18, 23–24.  The state points to nothing in the record that would suggest it sought a lesser sentence on the murder charge because it viewed the sentence for kidnaping as a vehicle for imposing additional punishment for the murder.  Moon, therefore, would obtain no windfall if he is ultimately able to overturn his conviction and sentence for kidnaping.

On remand, Moon may attempt to prove that he is actually innocent of kidnaping under *State v. Wolleat*, 111 P.3d 1131 (Or. 2005), and the state "is not limited to the existing record to rebut any showing that [Moon] might make" and may "present any admissible evidence" of Moon's guilt.  *See Bousley*, 523 U.S. at 624.

Under the "doubly deferential standard of review" of *Strickland* and AEDPA, *see Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (internal quotation marks omitted), the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), in rejecting Moon's claim that his counsel provided ineffective assistance by advising him to plead guilty to kidnaping.  *See* § 2254(d).  The state

---

[1]  In a letter sent after oral argument, the state argues for the first time that Moon could have been sentenced to 120 months for robbery in addition to the sentence for aggravated murder.  Because the state did not argue this in its briefs or at oral argument, we will not address it here.

court reasonably determined that counsel's performance was adequate because the law regarding whether Moon's conduct constituted kidnaping was unsettled at the time, *see Wolleat*, 111 P.3d at 1134, and counsel could have reasonably advised Moon to plead guilty in order to obtain the benefits of the settlement agreement. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011).

Each party will bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**