HADLOCK, J.
*16 In this consolidated criminal appeal, defendant challenges the trial court's entry of a second amended judgment in case number 15CR42641. That second amended judgment reflects the trial court's restructuring of the sentencing package that the court had imposed in the original judgment and in a first amended judgment (which imposed the same sentence as the original judgment, with the addition of restitution). Defendant contends that the trial court lacked authority to enter the second amended judgment once his sentence had been executed because that judgment impermissibly modified the sentence that the court had initially imposed, with the result that defendant will serve a greater amount of time in prison. Defendant acknowledges that the argument he makes on appeal is unpreserved, but he contends that the trial court plainly erred and asks us to exercise our discretion to correct that error. For the reasons set out below, we agree with defendant that the trial court plainly erred. It is beyond dispute that the court lacked authority to change the terms of defendant's sentence once that sentence had been executed; it also is plain from the record that the court did, in fact, change the terms of defendant's sentence when it entered the second amendment judgment. Moreover, under the circumstances presented by this case, we conclude that justice is served by correcting the error. Accordingly, we reverse and remand in case number 15CR42641 with instructions to reinstate the first amended judgment.[1]
For purposes of this appeal, the facts are undisputed. At a November 2015 hearing, the trial court imposed sentences in three separate cases in which defendant had been convicted of multiple crimes. First, the court addressed a 2013 case, case number 201320015, in which defendant had pleaded guilty to two counts of identity theft and had received a downward departure sentence of probation instead of the presumptive sentence, which would have included a 30-month term of incarceration on each count. At *17 the November 2015 hearing, the court revoked defendant's probation and sentenced defendant to consecutive 30-month terms of incarceration on each of the two counts in the 2013 case.[2] Defendant does not challenge that sentence in this appeal.
As the hearing continued, the court next announced sentence in case number 15CR42641, in which defendant had pleaded guilty to one count of identity theft (Count 1) and two counts of first-degree theft (Count 2 and Count 4). The court sentenced defendant to 30 months' incarceration on each count and described how defendant would serve those 30-month terms: "Count [1] is consecutive to the 2013 case. It is concurrent to Count [2]. Count [2] is consecutive to Count [4]." Next, the court announced sentence in case number 15CR47134, in which defendant had pleaded guilty to two counts of identity theft. Again, the court sentenced defendant to 30 months incarceration on each of the two *175 counts. It then stated, "They [the two 30-month terms] are concurrent to each other; however, they are consecutive to both other cases." The court concluded, "That's a total of 150 months in the Oregon Department of Corrections."
On November 5, 2015, the court entered judgments accurately reflecting the sentences that it had announced orally. In case number 15CR42641, the November 5 judgment described how the court had sentenced defendant on the three counts in that case. With respect to Count 1, the judgment stated:
"Defendant is sentenced to the custody of Oregon Dept. of Corrections [ODOC], for a period of 30 month(s). * * *
"* * * * *
"For the reasons stated on the record, this sentence shall be consecutive to the sentence(s) on the following cases: 201320015. This sentence shall be concurrent with * * * Count 2."
*18 For Count 2, the judgment stated:
"Defendant is sentenced to the custody of [ODOC], for a period of 30 month(s). * * *
"* * * * *
"For the reasons stated on the record, this sentence shall be consecutive to * * * Count 4."
Finally, for Count 4, the judgment stated:
"Defendant is sentenced to the custody of [ODOC], for a period of 30 month(s). * * *"
In contrast to how it described the sentences on Counts 1 and 2, the judgment did not state whether the sentence on Count 4 would be concurrent with, or consecutive to, defendant's other sentences.[3]
On November 17, 2015, the trial court entered an amended judgment in case number 15CR42641. That first amended judgment added a requirement that defendant pay restitution on one of the theft convictions; it did not otherwise materially change the terms of defendant's sentence.
In the meantime, an ODOC analyst had sent a letter to the prosecutor (copied to defense counsel and the trial court) expressing her opinion that the judgments in the three cases included "conflicting language" regarding consecutive and concurrent sentences. The letter explained how ODOC had interpreted the judgments, resulting in a total term of incarceration across the three cases of 120 months (not 150 months, as the trial court had stated at the sentencing hearing). The letter further stated that, if ODOC's understanding of the sentence was incorrect, it "would require an amended judgment from the courts."
The record includes little indication of what process followed the parties' receipt of that letter. However, on December 2, 2015, the trial court entered a second amended judgment in case number 15CR42641-the judgment that defendant challenges on appeal. The second amended *19 judgment, like the two that came before it, imposed 30-month incarceration terms on each of the three counts. However, it differed in its identification of which terms would run concurrently and which would be consecutive. For Count 1, the second amended judgment states:
"Defendant is sentenced to the custody of [ODOC], for a period of 30 month(s). * * *
"* * * * *
"For the reasons stated on the record, this sentence shall be consecutive to the sentence(s) on the following cases: 201320015."
On Count 2, the second amended judgment states:
"Defendant is sentenced to the custody of [ODOC], for a period of 30 month(s). * * *
"* * * * *
"For the reasons stated on the record, this sentence shall be consecutive to the sentence(s) on the following Count: Count 1"
And on Count 4, the second amended judgment states:
"Defendant is sentenced to the custody of [ODOC], for a period of 30 month(s). * * * "
*176 Thus, the second amended judgment in case number 15CR42641 differs from those that preceded it in two ways. First, the second amended judgment does not say (as did the other judgments) that the sentence on Count 1 would be concurrent to the sentence on Count 2. Second, the second amended judgment states that the sentence on Count 2 will run consecutively to the sentence on Count 1; the previous judgments had stated, instead, that the sentence on Count 2 would "be consecutive to * * * Count 4." The parties agree (as do we) that entry of the second amended judgment in case number 15CR42641-considered together with the sentences imposed in the other two cases-results in a total of 150 months incarceration across the three cases (60 months from the sentences in the 2013 case; 30 months' consecutive on Count 1 in case number 15CR42641; 30 months consecutive on Count 2 in that case; and a total of 30 more months from the sentences in case number 15CR47134).
*20 Defendant makes a single argument on appeal, assigning error to entry of the second amended judgment. Defendant contends that the trial court lacked authority to enter that judgment because it impermissibly increased the sentence that the trial court had previously imposed by ordering the sentence on Count 2 to run consecutively to the sentence on Count 1 (rather than concurrently, as stated in the original and first amended judgments). He asserts:
"A trial court has authority to amend an executed judgment when that judgment contains an erroneous term or factual error. But the original and first amended judgment in this case contained neither. Rather, the sentence structure in the original and first amended judgment was exactly as the trial court had orally pronounced at sentencing. Thus, the trial court had no authority to amend the judgment a second time. That second amendment, which increased defendant's sentence by 30 months, was harmful and plainly erroneous."
As noted, defendant acknowledges that he did not object to entry of the second amended judgment. However, he contends that the trial court plainly erred by increasing his sentence and he asks us to exercise our discretion to correct that error.
In response, the state acknowledges "the common-law rule that, once a valid sentence is executed-that is, once a defendant begins serving it-the trial court loses jurisdiction over the case and, thus, power to modify the sentence." State v. Johnson , 242 Or. App. 279, 285, 255 P.3d 547, rev. den. , 350 Or. 530, 257 P.3d 1020 (2011). Moreover, the state does not dispute that defendant's sentence had been executed by the time the court entered the second amended judgment. Nonetheless, the state contends that, for reasons we discuss in detail below, the trial court did not plainly err by entering the second amended judgment.
We agree with the parties that defendant's argument is unpreserved and that we must, therefore, determine whether the trial court plainly erred. An error is "plain" if
"(1) the error is one of law, (2) the error is obvious, not reasonably in dispute, and (3) the error appears on the face of the record, so that we need not go outside the record to *21 identify the error or choose between competing inferences, and the facts constituting the error are irrefutable."
State v. Zolotoff , 275 Or. App. 384, 397, 365 P.3d 131 (2015). In this case, the first and third requirements are satisfied, as the claimed error is one of law that appears on the record. The parties' disagreement focuses on the second requirement-whether it is "not reasonably in dispute" that the trial court erred when it entered the second amended judgment.
We begin by observing that the parties agree on an important point. They both are satisfied-as are we-that the original judgment in case number 15CR42641 accurately reflected the sentencing terms that the trial court orally announced at the sentencing hearing. Thus, the original judgment did not include any "erroneous term" that the trial court would have had authority to later correct.
*177 [4] Cf. State v. Estey , 247 Or. App. 25, 29, 268 P.3d 772 (2011), rev. den. , 352 Or. 25, 281 P.3d 261 (2012) (trial court's original judgment included an error that the court could correct in an amended judgment because "it failed to reflect the sentencing court's oral imposition of the sentence on one of the counts consecutively to the sentences on two others"). The state's contention that the trial court did not plainly err is not , therefore, based on an assertion that the trial court had authority to amend the judgment because it simply corrected a discrepancy between the sentence announced in court and the sentence as described in the original judgment.
Rather, the state's argument is based on a contention that the trial court intended to-and did-construct a sentencing package that would result in defendant serving a total of 150 months in prison. The state asserts that the original judgment can reasonably be construed to accomplish that goal, despite ODOC's contrary determination. Because the original judgment can be construed to impose a total of 150 months incarceration, the state argues, it is not "plain" that the second amended judgment impermissibly modified defendant's sentence.
*22 To assess that argument, we must determine what, in fact, the trial court accomplished when it originally sentenced defendant on November 5, 2015. To recap, the court began by sentencing defendant to two consecutive 30-month terms in the 2013 case after revoking defendant's probation. The court then imposed sentence in case number 15CR42641 as follows. It imposed a 30-month term of incarceration on each of the three counts. It ordered that the sentence on Count 1 would be consecutive to the sentences in the 2013 case and concurrent to the sentence in Count 2. So, up to that point, the court had imposed a total of 90 months' incarceration (60 months from the 2013 case plus 30 months consecutive on Count 1). The court then ordered that the sentence on Count 2 would be consecutive to the sentence on Count 4. And on Count 4, the court said nothing about whether the sentence would run concurrently with, or consecutively to, other sentences. Finally, in case number 15CR47134, the court sentenced defendant to a total of 30 months' incarceration, to run consecutively to the sentences imposed in the other two cases.
The court's silence with respect to Count 4 in case number 15CR42641 is critical. Under ORS 137.123(1), "[a] sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences." Thus, whatever the trial court may have intended, the original judgment-like the trial court's oral pronouncement of sentence-made the sentence on Count 4 concurrent to other sentences previously or simultaneously imposed. See State v. Gilbert , 248 Or. App. 657, 663, 274 P.3d 223 (2012) ("[A] sentence is, as a matter of law, concurrent unless the judgment expressly provides that it is to be consecutive." (Emphasis in original.)). Thus, the Count 4 sentence was concurrent to the sentences in the 2013 case. That is, when defendant began serving his 60 months total on the 2013 sentences, he also began serving his 30 months on Count 4. And even though the original judgment made Count 2 consecutive to Count 4, that did not lengthen defendant's total term of incarceration. That is because the judgment contemplates that, when defendant completes serving his 30 months on Count 4 and begins serving his 30 months on *23 Count 2, he still will be serving the last half of his 60-month total sentence in the 2013 case.
Stated differently, under the original judgment, the 60-month total term from the 2013 case runs concurrently with the total of 60 months that results from the 30-month terms on Counts 2 and 4 running consecutively to each other in case number 15CR42641. Accordingly, neither the sentence on Count 2 nor the sentence on Count 4 adds to defendant's total term of incarceration. An additional 30 months does come from the sentence on Count 1, which expressly runs consecutively to the 2013 sentences. And another 30 months comes from the sentences in case number 15CR47134, *178 which the trial court expressly ordered will run consecutively with the sentences in the other two cases. Thus, as ODOC calculated, the total incarceration term across the three cases is 120 months. The same is true of the first amended judgment, which modified defendant's sentence only by adding restitution.
Admittedly, it is challenging to describe how those sentences operate in practice. Nonetheless, it is beyond dispute that, because the original judgment did not expressly state that the sentence on Count 4 would run consecutively to any other sentence, it became-as a matter of law-a concurrent term. Gilbert , 248 Or. App. at 663, 274 P.3d 223. Everything else follows inescapably, including that the original and first amended judgments imposed a total of only 120 months incarceration. We acknowledge that, after it announced defendant's sentences at the November 2015 hearing, the trial court stated, "That's a total of 150 months." Perhaps that statement described the court's intention, as the state contends, or perhaps it reflects nothing more than an error in addition. For our purposes, though, the meaning of the court's statement does not matter. What does matter is that the sentence that the court imposed orally and in the original and first amended judgments plainly includes a total of only 120 months' incarceration. The court plainly modified defendant's sentence, after it had been executed, when it entered the second amended judgment that requires defendant to serve 150 months in prison. See Gilbert , 248 Or. App. at 663, 274 P.3d 223 (where the trial court did not expressly provide that *24 sentences be served consecutively "either orally at the [sentencing] hearing or in the [original] judgment, the court [could] not later amend the judgment to reflect its unexpressed intention to make the sentences consecutive").
The state makes one more argument in urging us not to reverse on a plain-error basis. It contends that, even if the trial court acted contrary to the common-law rule against post-execution modification of sentences when it entered the second amended judgment, the court did not plainly err in doing so. The state points to Article I, section 44(1)(b), of the Oregon Constitution, which states that "[n]o law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims." It argues that the constitutional provision has displaced the common-law rule against post-execution modification of sentences "in the particular circumstance in which the convictions at issue are based, as here, on crimes that the defendant committed against different victims."[5] That is, the state contends that Article I, section 44(1)(b), at least arguably authorizes a trial court to change concurrent sentences to consecutive sentences, even after the defendant has begun serving those sentences.
In our view, the state's reliance on Article I, section 44(1)(b), does not create a reasonable dispute about whether the trial court erred when it modified defendant's sentence after he began serving it. In protecting trial courts' authority "to sentence a criminal defendant consecutively," the constitutional provision speaks to trial courts' authority to announce consecutive sentences "in open court" and in the judgment reflecting that announcement. State v. Lane , 357 Or. 619, 638, 355 P.3d 914 (2015) ("The text of [ Article I, section 44(1)(b),] indicates that a 'sentence' is '[a] term of imprisonment imposed by a judge in open court.' " (Brackets in Lane .)). Article I, section 44(1)(b), states nothing about laws governing the process by which courts impose sentences or the time at which they may (or may not) do so. That is, nothing in section 44 (1)(b) suggests that laws describing the process and timing for imposition of sentence do not *25 apply when courts make sentences consecutive. The state's contrary contention is not plausible and, therefore, does not create a reasonable dispute about whether the trial court erred when it modified the terms of defendant's sentence after that sentence had been executed.
In sum, we conclude that the trial court plainly erred when it entered the second *179 amended judgment in case number 15CR42641 because that judgment modified defendant's sentence after it had been executed. We next consider whether to exercise our discretion to correct that error. In making that determination, we consider "the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991). When evaluating whether to correct a plain error in sentencing, we also consider "whether a defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings." State v. Garlitz , 287 Or. App. 372, 379, 404 P.3d 1090 (2017) (internal quotation marks omitted).
Taking into account all of those considerations, we readily conclude that we should correct the error in this case. The error is grave; the court's impermissible modification of defendant's sentence has the result of requiring him to serve an additional 30 months in prison. Nothing in this record suggests either that defendant encouraged the trial court to enter the second amended judgment or that he could have had some strategic reason not to object to the increased total term of incarceration. Significantly, the trial court could not have found another way to impose a total of 150 months' incarceration had defendant objected to entry of the second amended judgment; to the contrary, the court would have lacked authority to modify the terms of the sentence originally imposed. Moreover, correcting the error in this case will not lead to another sentencing proceeding. Rather, the trial court will simply reinstate the first amended judgment, *26 which it lacked authority to modify. See Gilbert , 248 Or. App. at 663, 274 P.3d 223 (ordering similar disposition in analogous circumstances). Given those considerations, the ends of justice weigh heavily in favor of us exercising our discretion to correct the error. We do so.
In A161340, reversed and remanded with instructions to reinstate the first amended judgment entered on November 17, 2015. In A161341, affirmed.

Although defendant also has appealed from the amended judgment in another case, 15CR47134, the argument that defendant makes on appeal does not challenge any aspect of the court's rulings or the judgment in that case.

The sentences imposed in each of the three cases also include terms of post-prison supervision. Because those supervision terms are not at issue in this appeal, we omit discussion of them for the sake of brevity.

The court also entered a judgment in case number 15CR47134 that accurately reflected its oral pronouncement of sentence in that case. The court later entered an amended judgment in that case, adding a term of restitution. That amendment is not at issue in this appeal.

Former ORS 138.083(1)(a) (2015), allowed courts to correct sentencing errors in judgments after those judgments were entered. That statute was repealed in 2017 by Senate Bill 896, Or. Laws 2017, ch. 529, § 26, and replaced by a similar provision now codified as ORS 137.172.

Counts 1 and 2, to which defendant pleaded guilty, are described in the district attorney's information as involving different victims.