No. 199                    March 12, 2025                    545

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MEDERO PRINCE MOON,
*Defendant-Appellant.*

Multnomah County Circuit Court
000937205; A178630

David F. Rees, Judge.

Argued and submitted February 26, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Pagán, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In 2003, defendant was convicted of aggravated murder (Count 1), ORS 163.095 (1999), and first-degree kidnapping (Count 12), ORS 163.235 (1999), and we affirmed that judgment on direct appeal. *State v. Moon*, 207 Or App 402, 142 P3d 105, *rev den*, 342 Or 46 (2006). In 2016, a federal district court granted defendant habeas relief, vacating his first-degree kidnapping conviction. In 2020, defendant moved to modify the original judgment to reflect the district court's order and asked the circuit court to enter a conviction for first-degree murder on Count 1 pursuant to Senate Bill (SB) 1013 (2019).[1] After a hearing in 2022, the trial court entered an amended judgment dismissing defendant's first-degree kidnapping conviction, and it denied defendant's motion to modify his aggravated murder conviction on Count 1.

On appeal from that amended judgment, defendant raises a single assignment of error contending that the trial court erred in refusing to enter a conviction for first-degree murder instead of aggravated murder on Count 1 because, in his view, Count 1 was "the subject of sentencing proceedings" to which SB 1013 applies. Because defendant did not argue below that the federal district court's order entitled him to resentencing on Count 1, and because defendant has identified no other source of authority entitling him to resentencing such that SB 1013 would apply, we conclude that the trial court was not required to enter a conviction for first-degree murder on Count 1 and therefore affirm.

The relevant facts are procedural. In 2002, defendant pleaded guilty to first-degree kidnapping and to aggravated murder on allegations that, in the course of committing first-degree robbery, he personally and intentionally caused the death of another human being who was not a participant in the robbery. In 2003, the trial court sentenced defendant to life imprisonment with a 30-year minimum sentence for aggravated murder and to a consecutive 230-month sentence

---

[1] Enacted into law as Or Laws 2019, ch 635, SB 1013 "significantly changed Oregon's death penalty statutes." *Thompson v. Fhuere*, 372 Or 81, 85, 545 P3d 1233 (2024). For ease of reference, we refer to the enabling legislation throughout this opinion.

for first-degree kidnapping, and it entered the original judgment of conviction and sentence.

Defendant later sought habeas corpus relief in federal court. The district court initially denied relief, but the Ninth Circuit Court of Appeals reversed in part and remanded. The court held that the district court "erred in holding that * * * Moon could not overcome procedural default under *Schlup v. Delo*, 513 US 298, 315, 115 S Ct 851, 130 L Ed 2d 808 (1995), by showing that he is actually innocent of kidnap[p]ing." *Moon v. Coursey*, 599 Fed Appx 697 (9th Cir 2015). The court remanded to the district court to allow defendant to "attempt to prove that he is actually innocent of kidnap[p]ing under *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005)," and to allow the state to "present any admissible evidence of Moon's guilt" in rebuttal. *Id.* at 698 (internal quotation and citation omitted).[2]

On remand, the district court concluded that defendant had "made a gateway showing of actual innocence of Kidnapping sufficient to overcome his procedural default" and that his "freestanding claim of actual innocence is cognizable and warrants federal habeas relief because Petitioner has demonstrated he is factually innocent of Kidnapping in light of an intervening change in the law." *Moon v. Coursey*, 3:10-CV-00616-BR, 2016 WL 4059659, at *9, 11 (D Or July 28, 2016). The court began by emphasizing that "[i]n this proceeding Petitioner is not challenging his conviction for Aggravated Murder in the Course of a Robbery." *Id.* at *5. The court also noted that the state "stipulates the only evidence that it intends to rely on to establish Petitioner committed the crime of Kidnapping is the state records filed in this proceeding" and in his co-defendant's pending habeas proceeding. *Id.* at *5 n 3. The court then concluded that defendant was "factually innocent of Kidnapping" and emphasized that "its recognition of a freestanding claim of actual innocence is premised on the unique circumstances of this case," including the state's stipulation. *Id.* at *11-12. The court concluded as follows: "For these reasons, the Court GRANTS Petitioner's Amended Habeas Corpus Petition (ECF No. 13)

---

[2] The court affirmed the district court's denial of defendant's ineffective assistance of counsel claim.

and VACATES Petitioner's conviction for Kidnapping in the First Degree entered in *State of Oregon v. Moon*, Multnomah Circuit Court Case No. 00–09–37205." *Id.* at *12.

      The state informed defendant's habeas counsel that it would not appeal that decision and that it had "taken the necessary action to comply with the unconditional writ" by forwarding the district court's judgment to the Oregon Department of Corrections (DOC) with instructions to "satisfy the judgment" by noting that the kidnapping conviction was vacated and recalculating defendant's sentence.

      No further action was taken in this case until 2020, when defendant filed a *pro se* motion to correct the original judgment in the circuit court. ORS 137.172.[3] Defendant asserted that an amended judgment had never been entered after his first-degree kidnapping conviction was vacated, that he was entitled to "removing the charge of Aggravated Murder under ORS 163.095 and correcting it with Murder [in the first-degree] under ORS 163.115 * * * since the aggravating factor of the aggravated murder charge was vacated" by the federal district court, and that his aggravated murder sentence was "an error that requires re-sentencing" because "[t]he current sentence imposed is not a lawful sentence without aggravating factors to support the conviction/sentence." Defendant requested that the court "schedule a re-sentencing hearing and enter a second judgment reducing" his aggravated murder conviction on Count 1 to first-degree murder "by correcting the language regarding the specific intent of the [federal] courts for defendant to receive the appropriate sentence of a 300 month mandatory minimum sentence" under ORS 163.115 and ORS 137.700(2)(a)(A).[4]

---

[3] ORS 137.172 provides, in relevant part:

"(1) The trial court retains authority after entry of judgment of conviction or a supplemental judgment, including during the pendency of an appeal, to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

[4] Under current law, criminal homicide constitutes murder in the second degree when it is committed by a person who commits robbery in the first degree and, in the course of and in furtherance of that crime, the person causes the death of a person other than one of the participants in the crime. ORS 163.115(1)(b)(G). However, ORS 163.107(1)(j) provides that second-degree murder under ORS 163.115(1)(b) constitutes first-degree murder when the defendant personally and intentionally committed the homicide under those circumstances.

In 2022, defendant appeared with counsel at a hearing in the circuit court. Through counsel, defendant first explained that he was "requesting [a] new judgment after the Kidnapping charge * * * was dismissed, leaving the sole count of Count 1, which is Aggravated Murder." Defense counsel acknowledged that "it has been corrected in the records of the Department of Corrections, but what's never been done is that a new judgment has not issued" and that the state was "in agreement that we do need to do a new judgment at this point."

Defense counsel then turned to defendant's motion to modify the judgment and asked the court to "address that motion as well so there's not a motion kind of floating out there when this judgment enters, hopefully, that the Court puts in." Defense counsel did not advance the precise argument defendant had made in his *pro se* motion and instead asserted that "we are here for sentencing" and asked "under the change in the law" wrought by SB 1013 that the court "enter a judgment for Murder in the First Degree, as opposed to the Aggravated Murder charge that was originally * * * entered as a plea[.]" The court clarified that defendant was seeking only a change in the name of the conviction and not any change to the sentence:

> "THE COURT:  So, substantively, you're not asking for a change in the sentence that was imposed on Count 1, just the title of the count?
>
> "[DEFENSE COUNSEL:]  Yes."

The state objected and argued that, pursuant to the federal district court's order, the only action the court should take was to enter a judgment reflecting that the first-degree kidnapping conviction had been vacated "because, pursuant to [the district court's] order, it doesn't exist." The state acknowledged that the vacation of the first-degree kidnapping conviction had already been reflected "in front of DOC and the Board of Parole" but that it had not been reflected at "the Circuit Court level" and needed to be. But in the

Under current law, the mandatory minimum sentence for second-degree murder, ORS 163.115, is 300 months, ORS 137.700(2)(a)(A), and the mandatory minimum sentence for first-degree murder, ORS 163.107, is 360 months, ORS 137.700(2)(a)(B).

state's view, the federal district court's order "doesn't change the sentence," the hearing was "not a resentencing hearing," and the court had "no jurisdiction" over "relabeling convictions or changing convictions or anything else."

The trial court agreed with the state and declined to amend the judgment as to Count 1:

> "THE COURT:   I don't think the Court has any authority at this point over count 1. I don't think I have the ability to reach into that []count and make any amendment to it. It's a final judgment that all post-judgment matters have been exhausted. I just don't think this Court can reach into that and change anything at this point. So I'm not inclined to do that."

The court entered an order denying defendant's motion as to Count 1 and an amended judgment that reflected that the first-degree kidnapping conviction on Count 12 was dismissed. This appeal followed.

On appeal, defendant first contends that the trial court "was required to change the crime of conviction on Count 1 from aggravated murder to first-degree murder pursuant to SB 1013." Defendant points out that, under current law, his conduct underlying Count 1 now constitutes first-degree murder under ORS 163.107(1)(j), and that the legislature intended SB 1013 to apply retroactively, *viz.*, "to crimes committed before, on or after the effective date of this 2019 Act *that are the subject of sentencing proceedings* occurring on or after the effective date of this 2019 Act." Or Laws 2019, ch 635, § 30 (effective Sept 29, 2019) (emphasis added). In defendant's view, "because defendant was resentenced" at the hearing on his motion to modify the judgment, which was held after the effective date of SB 1013, current law applies and his judgment of conviction should reflect that. Alternatively, defendant argues that we should remand to the trial court to reconsider its decision on the motion to modify the judgment because, in his view, the court erroneously concluded that it lacked authority to modify Count 1 under ORS 137.172.

As it did below, the state disputes that defendant was resentenced or that he was entitled to resentencing under the federal district court's order. In the state's view,

SB 1013 therefore does not apply to defendant and cannot be triggered simply by filing a motion to amend under ORS 137.172.

The Supreme Court has explained that "the legislature did not make SB 1013 retroactive as to sentences imposed before its effective date." *State v. Bartol*, 368 Or 598, 625, 496 P3d 1013 (2021). "Thus, SB 1013 itself d[oes] not provide an entitlement to a resentencing." *Thompson v. Fhuere*, 372 Or 81, 98, 545 P3d 1233 (2024). "Instead, that entitlement [to resentencing] must be found elsewhere." *Id*. Accordingly, the dispositive question in this appeal is whether defendant has identified a source of law that entitled him to resentencing on Count 1. We conclude that he has not.

We begin with the federal habeas judgment. A court with jurisdiction to review or to entertain a collateral attack on a criminal judgment may order such relief within its authority to reverse, vacate, or modify a judgment, including the sentence. *See generally* 28 USC §§ 2241 - 2255 (governing habeas corpus); ORS 138.510 - 138.686 (governing post-conviction relief); ORS 138.005 - 138.504 (governing direct appeals). And we have explained that the trial court's authority on remand is circumscribed by the scope of the specific relief ordered under the reviewing court's relevant governing authority. *See, e.g.*, *State v. Muyingo*, 226 Or App 327, 330, 203 P3d 365, *rev den*, 346 Or 364 (2009) ("[W]hen we have determined that there is a reversible error with respect to fewer than all of the convictions or sentences reflected in the judgment, we are required to 'remand the case to the trial court for resentencing on the affirmed count or counts.' [*Former*] ORS 138.222(5)(b).")[5]; *State v. Young*, 246 Or App 469, 472-73, 266 P3d 135 (2011) ("We have held in several cases that a remand for correction of a sentencing error after post-conviction relief does not allow the court

___

[5] The legislature overhauled ORS chapter 138 in 2017. *See State v. Colgrove*, 370 Or 474, 484, 521 P3d 456 (2022) (describing SB 896 (2017) as "a comprehensive bill addressing the procedural law governing criminal appeals that was submitted to the legislature by the Oregon Law Commission"). Among other things, the legislature repealed *former* ORS 138.222 (2017), *repealed by* Or Laws 2017, ch 529, § 26. Under current law, when an appellate court remands a case on direct appeal, "the trial court, after issuance of the appellate judgment, may impose a new sentence for any conviction." ORS 138.257(4)(b).

to fashion a completely new sentence" because "the post-conviction court is limited under ORS 138.520 to ordering correction of the established error, and a remand to the trial court for correction of the error does not give the trial court *carte blanche* to formulate a new sentence." (Footnote omitted.)); *State v. Curry*, 209 Or App 31, 36-37, 146 P3d 348 (2006) ("[T]he proper distinction is between the correction of errors requiring resentencing on remand after direct appeal, which the legislature has determined requires resentencing on all convictions in a case [under *former* ORS 138.222(5)], and the correction of errors identified in a collateral proceeding—including post-conviction, state or federal habeas corpus, or mandamus proceedings—which, in the absence of a legislative directive to the contrary, logically involves correction by the lower tribunal of only the identified error.").

Here, we first observe that the district court's grant of relief was limited to vacating defendant's first-degree kidnapping conviction, which rendered that conviction a legal nullity. *See, e.g.*, *United States v. Uriarte*, 975 F3d 596, 600 (7th Cir 2020) ("We vacated that sentence, rendering it a nullity, and directed the district court to resentence [the defendant]." (Citing *Pepper v. United States*, 562 US 476, 508, 131 S Ct 1229, 179 L Ed 2d 196 (2011) (Vacatur "wipe[s] the slate clean.").)). The court's reasoning in its written decision makes clear that habeas relief was limited to defendant's first-degree kidnapping conviction and was warranted due to the "unique circumstances of this case"—including that defendant was not challenging his aggravated murder conviction and that the state had stipulated that the only evidence it intended to rely on to establish defendant's guilt for first-degree kidnapping was in the record before the court.

We next observe that defendant did not immediately seek to enforce the habeas judgment in circuit court, but rather acted only after the legislature passed SB 1013. Indeed, contemporaneous emails between Department of Justice counsel and defendant's habeas counsel, which defendant attached to his motion to modify, suggest that counsel understood that the habeas judgment was limited to granting relief on the first-degree kidnapping conviction and that, practically speaking, the relief granted did not

require further action by the circuit court, given that DOC had already recalculated defendant's sentence to remove the first-degree kidnapping conviction.

Ultimately, we need not decide whether the federal district court's order vacating defendant's first-degree kidnapping conviction entitled him to resentencing because defendant did not argue that the habeas judgment affected his aggravated murder conviction or sentence in any way.[6] He did not, for example, argue that the consecutive sentence for first-degree kidnapping was part of a sentencing "package" that required the court to reconsider the sentence for aggravated murder, which is governed by a special statutory sentencing scheme. *See* ORS 163.105 (1999). Rather, defendant simply argued that the law had changed and that SB 1013 applied to him. But SB 1013 is not self-executing. *Thompson*, 372 Or at 98. And although defendant asserted at the hearing that he was "there for sentencing," he expressly asked the court *not* to impose a new sentence on Count 1.

Because defendant did not argue that the federal district court's order entitled him to resentencing on Count 1, and because defendant has identified no other source of authority entitling him to resentencing such that SB 1013 would apply, we conclude that the trial court was not required to enter a conviction for first-degree murder on Count 1.

Defendant's alternative argument fails for similar reasons. "'Oregon subscribes to the common-law rule that, once a valid sentence is executed—that is, once a defendant begins serving it—the trial court loses jurisdiction over the case and, thus, power to modify the sentence.'" *State v. Gilbert*, 248 Or App 657, 661, 274 P3d 223 (2012) (quoting *State v. Johnson*, 242 Or App 279, 285, 255 P3d 547, *rev den*, 350 Or 530 (2011)). The legislature created an exception to the common-law rule in providing a mechanism "to modify a judgment, including the sentence, to correct any arithmetic

---

[6] Although defendant's *pro se* motion argued that vacating his first-degree kidnapping conviction removed the aggravating factor underlying Count 1, he did not present that argument at the hearing in the circuit court and does not renew that argument on appeal. In any event, the aggravating factor underlying defendant's aggravated murder conviction is first-degree robbery, not first-degree kidnapping.

or clerical errors or to delete or modify any erroneous term in the judgment." ORS 137.172(1); *see also Gilbert*, 248 Or App at 661 (so stating with regard to the predecessor to ORS 137.172, *former* ORS 138.083, *repealed by* Or Laws 2017, ch 529, § 26).

On appeal, defendant contends that the trial court abused its discretion in denying his motion to amend the judgment as to Count 1 because, in his view, the trial court incorrectly concluded that it had no authority to do so under ORS 137.172. But that argument depends on the premise that SB 1013 rendered his aggravated murder conviction or sentence erroneous. Again, because "SB 1013 itself d[oes] not provide an entitlement to a resentencing," *Thompson*, 372 Or at 98, and because defendant has not identified any source of authority to trigger application of SB 1013 to his case, there was no basis for the court to conclude that Count 1 of the judgment contains an "erroneous" term under the law that applied at the time defendant was convicted and sentenced for aggravated murder.

Affirmed.